## Wm. Gordon Cummings v. Kendall County.

### No. 314.

1.  **Opening Public Road—Injunction—Demurrer.**—The petition alleged that on a certain date, on the application of the requisite number of freeholders, the Commissioners Court appointed a jury of view to view the proposed road and report to the court; that this was done, and the road placed by the jury as had been prayed for; that the report had been changed by the Commissioners Court, and that the road attempted to be laid out by said court was never viewed by a jury of view; that the report of said jury was neither adopted nor rejected, but that the court, without a petition or any view of the proposed road, entered an order laying out a second-class road, in another and different place, through the lands of appellant, having a different beginning point; that no damages had been allowed appellant.    A temporary injunction was granted, exceptions were sustained, and the cause dismissed.    *Held*, that the petition showed a good cause of action, and cause should not have been dismissed.

2.  **Eminent Domain—Right to Exercise Requires Strict Compliance with the Terms of the Law.**—The condemnation of private property for public use is a proceeding vested by the law in certain tribunals, and certain prerequisites to its legal exercise are required, and in no other way than that prescribed can property be diverted from a private to a public use.

3. **Report of Jury of View.**—When the report of the jury of view has been returned to the Commissioners Court, it is their duty to approve the same and order the road opened, or reject it. See opinion for discussion as to power of the court to open road without application, and opening a road different from one reported.

4. **The Power to Condemn Property for Public Use Must Be Strictly Pursued.**—Since the power to condemn private property against the will of the owner is a stringent and extraordinary one, based upon public necessity or an urgent public policy, the rule requiring the power to be strictly construed, and the prescribed mode for its exercise strictly followed, is a just one, and should within all reasonable limits be inflexibly adhered to and applied.

APPEAL from Kendall County. Tried below before Hon. EUGENE ARCHER.

*Charles J. Gillespie,* for appellant.—1. In authorizing the appropriation of individual property for the public use, the Constitution and laws have prescribed certain conditions and procedure which must be strictly observed and performed. Rev. Stats., arts. 4359, 4367, 4373; Const., art. 1, sec. 17; Floyd v. Turner, 23 Texas, 292; McIntyre v. Lucker, 77 Texas, 259.

2. The court can not alter the report of the jury of view as to location and field notes reported, but must approve or disapprove said report in these particulars as a unit. Rev. Stats., arts. 4360, 4372; In re Benzinger, 10 Atl. Rep. (Pa.), 35.

*F. W. Schweppe* and *John R. Storms,* for appellee.—Appellant's petition does not entitle him to the relief sought, but remedy, if any, was by appeal from the Commissioners Court to the District Court. Duck v. Peeler, 74 Texas, 268; Onken v. Riley, 65 Texas, 468; Caruthers v. Harnett, 67 Texas, 127; Moody v. Cox, 54 Texas, 492; Morris v. Cassady, 78 Texas, 516; Duer v. Police Court, 34 Texas, 283; Martin v. Sykes, 25 Texas Supp., 197; Lopez v. Rodriguez, 3 C. A., sec. 113.

FLY, ASSOCIATE JUSTICE.—Appellant filed his petition, alleging, in effect, that on a certain date, on the application of the requisite number of freeholders, the Commissioners Court appointed a jury of view to inspect the locality of a desired road and make the report required by law to the Commissioners Court; that this was done, and the road was placed by the jury as had been prayed for by the petitioners; that the report had been changed by the commissioners, and "that the road attempted by said court to be laid out was never viewed by a jury of view." It was further alleged, that the report of the jury of view was neither adopted nor rejected, but that the Commissioners Court, without a petition and without any view of the proposed road by a jury, entered an order laying out a second-class road in another and different place, through the premises of appellant, having a dif-

ferent beginning point from that named in the petition and report; that no damages had been allowed appellant for his land, and that he would be greatly damaged by the proposed road; and he prayed for an injunction restraining the Commissioners Court from laying out said road.   A temporary writ of injunction was granted.

Appellee excepted to the petition, on the grounds, that it does not show that the road was not legally laid out over his premises; that it does not show that appellant prosecuted or attempted to prosecute an appeal from the order of the Commissioners Court; that the petition shows on its face that the injury to appellant could be compensated in damages; that it does not appear in what respect the report of the jury of view was changed; and that it appears from the petition that the road laid out by the jury and the one ordered opened by the court are one and the same.

These exceptions were sustained and the cause dismissed.

The exercise of the right of eminent domain by the Commissioners Court is given by a statute, and the validity of their action must depend on a compliance with the terms of the law.   The condemnation of private property for public use is a proceeding vested by the law in certain tribunals, and certain forms and prerequisities to its legal exercise are prescribed, and in no other way than that prescribed can property be diverted from a private to a public use.   Parker v. Railway, 84 Texas, 333.   Article 4365 of the Revised Statutes provides, that no application for a new road shall be granted unless the persons applying for the same shall have given notice for at least twenty days of the intended application, and this notice must be given in a prescribed way.   In article 4366 the application is required to be in writing, signed by at least eight freeholders, and the beginning and termination of the proposed road must be shown.   Articles 4367 to 4371 provide for the appointment of a jury of view, consisting of five men, prescribe the oath to be taken, the duties of the jury in laying out and marking the road, in notifying owners whose land is to be used in assessing damages, and in reporting their action to the Commissioners Court.   In articles 4372, 4373, and 4374 are prescribed the duties of the Commissioners Court in connection with the report.   We are of the opinion, that when the report has been returned by the jury into the Commissioners Court, they must either approve of the same and order the road opened as set out in the report, or they must reject it. In articles 4372, 4373, and 4374 it does not seem to be contemplated that the commissioners can change the report in any manner, or hear evidence in regard to it, except to the question of the amount of damages.   The only change made in the powers of the court by the Act of February 7, 1884, is in granting power to the court to appoint a jury to lay out roads without a petition, and if the damages assessed by a jury be deemed excessive, to appoint a second jury to assess them; and if

the damages assessed in the second report be deemed excessive, the court is given authority to change the locality of the road, so as to avoid the property so greatly damaged, provided the road is not diverted more than one-quarter of a mile from the direct line. Nowhere does the statute permit a Commissioners Court arbitrarily to ignore a report made by a jury of view, and then proceed to lay out a road not petitioned for and not reported by the jury, and the fact that a statute permits a diversion, under certain circumstances, of a road laid out by a jury, excludes the authority to do so under any other circumstances. In Dillon on Municipal Corporations, volume 1, section 25, it is said: "Counties are involuntarily political or civil divisions of the State, created by general laws to aid in the administration of government. Their powers are not uniform in all the States, but these generally relate to the administration of justice, the support of the poor, the establishment and repair of highways, all of which are matters of State as distinguished from municipal concern. They are purely auxiliaries of the State; and to the general statutes of the State they owe their creation, and the statutes confer upon them all the powers they possess, prescribe all the duties they owe, and impose all liabilities to which they are subject." Under article 4360 Commissioners Courts are given "full power, and it shall be their duty to order the laying out and opening of public roads when necessary, and to discontinue or alter any road, whenever it shall be deemed expedient, as *hereinafter prescribed.*" The words, "as hereinafter prescribed," qualify and limit the power of laying out and opening public roads, as well as the power of discontinuing and altering; and we are then to take the following article to ascertain what is prescribed. Then, in the exercise of its powers of eminent domain, the Commissioners Court is held down and bound as is prescribed. "Not only must the authority to municipal corporations, or other delegated legislative agents, to take private property be expressly conferred, and the use for which it is taken specified, but *the power*, with all constitutional and statutory limitations and directions for its exercise, *must be strictly pursued.* Since the power to condemn private property against the will of the owner is a stringent and extraordinary one, based upon public necessity or an urgent public policy, the rule requiring the power to be strictly construed, and the prescribed mode for its exercise strictly followed, is a just one, and should, within all reasonable limits, be inflexibly adhered to and applied." 2 Dill. Mun. Corp., sec. 604. It is true that in article 4361 it is provided, that "Commissioners Courts may on their own motion, where it is deemed necessary, open new roads or straighten existing ones;" but this was evidently passed to cover cases in which no application for the action of the court is made, and gives them the authority to put the machinery of the law into effect without an application from free-

holders; but it in no way impairs the law requiring the appointment of a jury of view, notices to owners, and other requisites of the statute, and certainly did not authorize a Commissioners Court to change the report made by a jury of view as to the locality of the road or as to the damages without a hearing, or without complying with the terms of article 4360a, section 4.

The jury were instructed to lay out the road as prayed for in the petition, and the order was obeyed; but instead of following the report, another and different road was laid out by order of the Commissioners Court. The court could have rejected the report of the jury, and then of its own motion have appointed a jury of view to lay out and mark the road they desired, and complied with the other requisites of the law; but they can not arbitrarily lay out another and different road from the one reported. To permit this would be to allow the taking of private property, without compensation, for public use. The petition, in addition to alleging that another and different road had been ordered opened than the one reported by the jury, alleged that no damages had been allowed or paid to him for his land; that his field will be divided by the road, and will necessitate the building of a lane across his farm, and that he will be entirely cut off from his water privileges, and that the overseer had been ordered to proceed at once to open the road. The allegations of the petition show to us a proceeding, without sanction of law, to appropriate the land of appellant without compensation, and we are of the opinion that he had no legal remedy that would avert the threatened injury. There was no order to pay the damages, and appellant not having had notice as to the intention to lay out the road ordered by the court, was not a party to the proceedings, and had no assessment of the court from which he could appeal. "The question of a tender of the damages incurred in the opening of highways may have considerable weight in determining whether the injunction shall be permitted, and an actual tender of damages may be sufficient to preclude a person aggrieved from relief in equity. Thus, where all the proceedings required by law for the opening of a public highway have been fully complied with and damages for the land condemned have been properly assessed and tendered the owner, who refuses them, he will not be allowed to enjoin an officer from opening the highway. But if damages for the land appropriated be not tendered the owner or his agent, he may properly enjoin proceedings for the opening of the road." 1 High on Injunc., sec. 585. It may be well to remark in this connection, that where a petition for injunction is filed to restrain county authorities from opening a highway on the ground that they have not assessed the damages to property holders or provided for their payment, or have failed to comply with the requirements of the statute in other ways, it would not be proper to make the injunction perpetual, but

only until the proper steps are taken.   Of course, if it be true that the court proceeded, as alleged, to take the property without complying with any statute, it would necessitate a new proceeding to lay out the road, and the injunction should be made perpetual as to any proceedings under the void decree.   1 High on Injunc., sec. 592.

For the purposes of the exceptions, the allegations in the petition are taken as true, and it has been held by our Supreme Court, that a petition alleging that the jury of view appointed to lay out a road had never viewed the same or made any report, would be sufficient on demurrer.   Floyd v. Turner, 23 Texas, 293.

It has also been held, that an injunction lies to restrain an overseer of a road from opening a public road across land which has been located by order of the Commissioners Court without notice to plaintiff by the jury of view.   McIntire v. Tucker, 77 Texas, 259; Vogt v. Bexar County, 23 S. W. Rep. (Texas Civ. App.), 1044.

The petition was good on demurrer, and the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 25, 1894.