ACHESON v. DENISON & S. RY. CO. et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 14, 1911.)

MUNICIPAL CORPORATIONS (§ 697*)—STREETS —OBSTRUCTIONS—PERSON ENTITLED TO SUE.

Since an individual who has suffered no damage peculiar to himself cannot sue to restrain an interference with a mere public right, a taxpayer of a city, who owns no property on the streets affected, cannot sue to restrain a street railway company from constructing a switch in a street, on the ground that it would amount to an obstruction in the street, which would "be a constant menace to the safety of the inhabitants of the town."

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1502–1505; Dec. Dig. § 697.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Suit by A. W. Acheson against the Denison & Sherman Railway Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Head, Smith, Hare & Head, for appellees.

TALBOT, J. Appellant, Acheson, filed this suit in the district court of Grayson county on the 13th day of November, 1909, against the appellees, the Denison & Sherman Railway Company and the Texas Traction Company, and prayed for a temporary writ of injunction against the appellees, enjoining them from constructing a switch track in the streets of the city of Denison. Appellees answered, and on December 21, 1909, the petition was presented, evidence heard, and the temporary injunction refused. From this action of the court, Acheson appealed.

Appellant has filed no brief in this court, and we copy from appellees' brief the following statement of the case:

Appellant alleged, as the basis of his right to maintain the suit: That he resided in Denison, Tex., and was a property taxpayer of said city. That under some agreement between themselves appellees were operating lines of electric street railway within the corporate limits of Denison. That appellees were about to construct a switch track from the main line of the street railway, at its intersection with Austin avenue, on Main street in said city, to an alley on Austin avenue. That the Denison & Sherman Railway Company, as the successor and assignee of Scott, Youree & Scott, held a franchise from the city of Denison, acquired April 4, 1903, for 50 years from and after May 8, 1900, which among other things provided:

"Section 1. That there is hereby granted to Messrs. Scott, Youree & Scott, their successors or assigns, the right and privilege to construct, maintain and operate a street railway in the city of Denison, for a term of fifty years from the date of passage and approval of this ordinance, under the conditions herein mentioned, together with the right to relay, repair and improve any and all lines of the said railway, and to build such switches and turntables with the consent of the city council as may be deemed necessary for the proper conduct of the business pertaining to a street railway.

"Sec. 2. Said railway shall commence at a point on Main street most accessible to the Union Passenger · Depot, and shall extend west along Main street, as far as Armstrong avenue, and may be extended and continued therefrom to any point within the city limits, and the right is also granted to extend the track of the said railway from the point of commencement herein specified, eastward to the city limits, together with the right to construct and operate such branches from any extensions of said line from Main street in any direction upon such streets and avenues as may be selected by the said Scott, Youree & Scott, their successors and assigns, to any point within the city limits, and the said railway shall also have the privilege of crossing any bridges, culverts, and like structures, or railroad tracks, located on any street or avenue within this grant. Said Scott, Youree & Scott, their successors and assigns, shall file with the mayor of the city a written notice naming the streets or avenues upon which they propose to construct their extensions or branches of the said railway at least ten days before commencing such construction."

That the city council of Denison passed and approved an ordinance and resolution, authorizing the construction of the switch, on Austin avenue on the ———— day of ————, 1909.

Appellant charges that the ordinance and resolution of 1909 was invalid in this: That in 1909 the city of Denison was governed by the provision of a special charter · (chapter 33, Special Laws of 1907), of which the courts take notice. That sections 25 and 26 of article 2 of said special charter provide that no franchise shall be granted over the streets of Denison, nor shall there be an enlargement of powers previously granted, unless the ordinance making such grant be submitted to a vote of the people and be approved by them, with this proviso: Provided, however, that the provisions of this section shall not apply to the granting of side track or switch privileges to railway companies for the purpose of reaching and affording railway connection and switch privileges to the owners or users of any industrial plants; it being the intention to permit the city council to grant such rights or privileges to railway companies whenever in their judgment the same is expedient, necessary or advisable. That none of the conditions or requirements contained in said section of said charter were complied with. It was further alleged that the construction and operation of the switch complained of would obstruct the street, and render the same dangerous and inconvenient for the public use.

Appellee demurred to appellant's petition on the ground that appellant's petition did not show any such peculiar interest in the matter complained of as authorized him to bring and maintain the suit, and pleaded a general denial and specially that appellee the Texas Traction Company had nothing whatever to do with the switch; that appellee the Denison & Sherman Railway Company, under valid ordinances from the city of Denison, was constructing in accordance with law the switch complained of in order · to connect with its depot, for the purpose of handling express and baggage. On the trial the various ordinances set out in appellant's pleadings were introduced in evidence; and, as showing the construction · put on the franchise by the parties thereto, appellee intro-

duced a resolution, passed by the city council of Denison, authorizing appellee the Denison & Sherman Railway Company to construct a switch in 1902.

It is contended by appellees, in effect, that the appellant showed no such interest in the matter complained of as authorized him to maintain this suit; that the fact alone that he was a taxpayer and resident citizen of the city of Denison gave him no such right. The only allegations touching the injury that may accrue from the construction of the switch in question are that the use thereof "for running cars over the same and parking cars thereon will constitute an obstruction to all that part of Main street lying south of the railway track and on said Main street and adjacent sidewalk and street crossing, and an obstruction to all that part of said Austin avenue lying east of said switch on said Austin avenue and adjacent sidewalk and street crossing; that said obstruction will greatly impede travel upon said streets, and will be a constant menace to the safety of the inhabitants of the town." It is well settled "that no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself; that where the injury inflicted or threatened is of a character which affects the public generally, and the damages resulting therefrom be only such as are common to all, the suit must be brought by the lawfully constituted guardian or guardians of the public interest. San Antonio v. Strumberg, 70 Tex. 366, 7 S. W. 754; McDonald et al. v. Lyon, 43 Tex. Civ. App. 484, 95 S. W. 67; Hulse v. Powell et al., 21 Tex. Civ. App. 471, 51 S. W. 862. It does not appear that appellant owned property abutting on either of the streets to be affected by the switch, or that he has suffered or is threatened with such special damage peculiar to himself as entitles him to the relief sought." Therefore the judgment must be affirmed.

This holding renders it unnecessary for us to determine whether or not the right to construct the switch as proposed was within the terms of the franchise granted by the city of Denison to the Denison & Sherman Railway Company, and whether said franchise constituted such a contract as could not be impaired by subsequent legislation.

For the reason stated, the judgment of the court below is affirmed.