PORTER, County Judge, et al. v. JOHNSON et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 21, 1911.)

1. INJUNCTION (§ 172*)—DISSOLVING.

The bill, in a suit to restrain county commissioners from discontinuing a part of a pub-

lic road, alleged, among other grounds, for the injunction that the commissioners' court arbitrarily refused to investigate and hear evidence as to whether the discontinuance would injure the public, and also alleged facts to show that the discontinuance was an abuse of discretion. The sworn answer merely denied that the discontinuance of a part of the road interfered with the convenience of residents of that community and their access to the schoolhouse as alleged in the bill; and further denied that the petition for the closing of the road was not duly signed and presented as required by law, as alleged in the bill; and further alleged that the discontinuing of the road represented a judgment of the commissioners' court, and that due notice had been given as required by law. Held, that the sworn answer did not deny the truth of all the material allegations of the bill, so as to make it error to continue a temporary injunction, even if that would make it erroneous.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 374–384; Dec. Dig. § 172.*]

2. INJUNCTION (§ 172*)—TEMPORARY INJUNCTION—DISSOLUTION—DENIAL OF BILL.

Even if the sworn answer denies all of the equities of the bill, the dissolution of a temporary injunction is largely a matter of judicial discretion upon the particular facts.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 374–384; Dec. Dig. § 172.*]

3. HIGHWAYS (§ 77*) — VACATION — INJUNCTION.

Plaintiffs were property owners in the neighborhood of a road, part of which the county commissioners proposed to discontinue, and in the school district through which it ran, and its discontinuance would decrease the rental and market value of their land 50 cents an acre, prevent them from securing good tenants, and would make the route to the market, school, church, post office, etc., much longer and more difficult. Held, that plaintiffs would suffer damages special to themselves by the discontinuance of the road, as distinguished from the injury to the general public, so as to authorize them to enjoin its discontinuance.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 271; Dec. Dig. § 77.*]

4. HIGHWAYS (§ 77*) — DISCONTINUANCE — COMPLIANCE—NECESSITY.

Rev. St. 1895, art. 4671, gives the commissioners' court power to discontinue any road whenever deemed expedient, "as hereafter prescribed." Articles 4672–4687 provide that no public road shall be changed, except to shorten it, unless the commissioners' court upon full investigation finds that the public interest will be better served by the change, and requires the change to be by the commissioners' unanimous consent, and provides that the commissioners shall not discontinue a road, unless some of the persons making application therefor shall have given at least 20 days notice, and that all applications to discontinue roads shall be signed by at least eight freeholders, and no part of a road shall be discontinued, unless a new road connecting that part not discontinued shall first be opened. Held, that a substantial compliance with the statutes, including those provisions as to qualification of the signers to the application, investigation, etc., was essential in order to legally discontinue a part of a public road.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 263–276; Dec. Dig. § 77.*]

5. HIGHWAYS (§ 77*)—COMMISSIONERS. COURTS—REVIEW OF DISCRETION.

The petition in a suit to enjoin the discontinuance of a part of a public highway al-

leged special damage to plaintiffs by the discontinuance, and further alleged that the discontinuance did not comply with the statute, in that only six of the signers to the petition therefor were freeholders; that no proper notice of the application for discontinuance was given; that the commissioners' court failed to comply with the statute by not opening a new road connecting the part of the road not discontinued, and also arbitrarily refused to hear any evidence which would show that it was against the public interest to discontinue the road, when the statute provided that no road should be changed, unless the court found that the public interest would be better served thereby. *Held*, that a district court had equitable power to revise the exercise of the discretion vested in the commissioners' court in discontinuing a highway, etc., if it clearly appeared that its discretion had been grossly abused, and the allegations of the petition demurred to authorized that court in continuing a temporary injunction until the case was heard on the merits.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 77.*]

6. HIGHWAYS (§ 77*) — DISCONTINUANCE — REMEDIES OF PROPERTY OWNERS—ACTIONS —PARTIES.

A number of residents and owners of land on a highway, similarly affected by a threatened discontinuance of the highway, could join in suing to restrain the discontinuance.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 77.*]

7. PARTIES (§ 88*)—MISJOINDER — MODE OF OBJECTION.

Where a misjoinder of parties plaintiff does not appear on the face of a petition, the question of misjoinder cannot be raised by general demurrer.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 145–147; Dec. Dig. § 88.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action for an injunction by J. T. Johnson and others against Horton B. Porter, County Judge of Hill County, and others. From an order continuing a temporary injunction pending a hearing on the merits, defendants appeal. Affirmed.

Morrow & Morrow and Frazier & Shurtleff, for appellants. W. E. Spell and Luther Nickels, for appellees.

TALBOT, J. Appellees brought this suit against Horton B. Porter, county judge of Hill county, Tex., J. I. Edens, W. E. Farquhar, J. F. Griffith, and G. W. Taylor, county commissioners of said county, and Eugene Edens, Mrs. Maggie Taylor, Mrs. E. Parker, and Ernest Parker, husband of the said Mrs. E. Parker, to restrain the said county judge and commissioners, as members of and composing the commissioners' court of Hill county, from having an order, made by said court on February 17, 1911, discontinuing a portion of a public road in commissioners' precinct No. 4 of said county, known as the Eureka taproad, executed and enforced, and to enjoin the other named defendants from obstructing or closing up said road. A temporary restraining order was granted, and

on May 1, 1911, appellees filed an amended original petition sworn to, in which they alleged, among other things, in substance, that they resided in Hill county, Tex., and in commissioners' precinct No. 4; that the road in question had been, upon petition and the report of a jury of view, established as a public road and used by the people of Hill county and by plaintiffs as a public thoroughfare for a period of more than 30 years; that the community public free school, known as the Eureka district school, is situated on said road, and the said road affords the nearest and most convenient way for the children of plaintiffs to reach the public schoolhouse; that to discontinue said road would, in the judgment of plaintiffs, necessitate the dividing of the Eureka school district, thereby rendering it impossible to have and maintain as good a school as now exists, and be destructive of the school interest of said community; that said road is used by the people residing in said Eureka school district in going to and from church, Sunday school, and all religious gatherings, and in going to and from their respective market towns; that the petition to discontinue said road, or a portion thereof, was filed in the commissioners' court on January 21, 1911, and is signed by H. Schofield, P. G. Davis, W. T. Underwood, W. P. Bailey, R. B. Gray, M. W. Schofield, C. L. Cunningham, Mrs. Maggie Taylor, Mrs. E. Parker, Eugene Edens, and Frank Schofield; that the portion of said road sought to be discontinued runs through farms owned by the said Mrs. Parker, Mrs. Taylor, and Eugene Edens; that the petition filed, requesting the discontinuance, did not comply with the law, in that only six of the signers of said petition were freeholders in the precinct through which that portion of the road sought to be discontinued runs; that the order abolishing said road is void, because no notice was given of the application to discontinue the same as required by statute; that the commissioners' court in attempting to discontinue and abolish said road further failed to comply with the statute, in that said court failed to open a new road connecting that part of the road not discontinued; that plaintiffs, by proper motion, since the making of the order discontinuing said road, and filed during the term of the court at which said order was entered, stated the facts to the commissioners' court, and requested that said order be set aside and a hearing of the matter granted to plaintiffs, to the end that they have an opportunity to show why said road should not be discontinued, but that said court arbitrarily refused to pass upon said motion, and arbitrarily and fraudulently refused to hear any evidence which would lead to a disclosure of the true facts in connection with the discontinuance of said road, and which would have shown that it was

not to the interest of the public to have said road discontinued.

The plaintiffs further alleged "that the discontinuance of the road in question had and would cause each and all of the plaintiffs to suffer special injury thereby, as distinguished from the injury suffered by the public in general, in this: That they were all property owners in the neighborhood of said road, and in the school district through which said road runs; that the abolition of the road would decrease the rental value of their land 50 cents per acre, and would affect its market value 50 cents per acre or more; that it would preclude them from securing good tenants to cultivate their land, and would make the route to market, church, school, post office, etc., much longer and more difficult, and would affect materially the market value of their land, at least to the extent alleged." They also alleged the number of acres owned by each plaintiff. They did not allege specifically that either of them lived upon or owned land abutting on that portion of the road discontinued by the order of the commissioners' court.

The defendants answered by a general demurrer, and further specially answered and denied under oath that the discontinuance of a portion of said road in any wise interfered with the comfort and convenience of the people in that community and their access to said schoolhouse, and further denied that the petition for the closing a portion of said road was not duly signed and presented in all things as required by law; they alleged that the order of the commissioners' court, changing and discontinuing said road, represented the judgment of said court, and that due notice thereof and of the petition had been given as required by law, a verified copy of which was attached to their sworn answer. The cause was heard by the court upon the sworn pleadings. Appellants' general demurrer was overruled, and the court entered an order whereby the temporary restraining order theretofore granted was continued in force until this cause could be heard upon its merits.

Appellants contend that the court erred in continuing in force the temporary injunction for the following reasons: First, because their answer denied all the equities of the plaintiffs' bill; second, because appellees, in their pleadings, did not show such an interest in the subject-matter as entitled them to maintain the suit; third, the district court was without authority to review the action of the commissioners' court; fourth, the qualification of the signers of the petition presented to the commissioners' court, praying a discontinuance of the road in question, and the locus of their residence, were matters committed solely to said court; fifth, the making of said order involved the exercise of the official judgment and discretion of the commissioners' court, and the district court erred in disturbing it; seventh, that

there was a misjoinder of parties plaintiff on the question of damages alleged, and for that reason appellants' general demurrer to appellees' petition should have been sustained.

[1, 2] 1. The sworn answer of the defendants did not specifically deny the truth of the plaintiffs' allegations charging that the defendants, composing the commissioners' court of Hill county and sitting as such, had arbitrarily refused to investigate and hear evidence as to whether or not the discontinuance of the road would be a detriment to the public; nor did said answer so deny the facts alleged and relied upon by the plaintiffs to show that in making the order discontinuing said road the commissioners' court abused the power and discretion vested in it by law. It cannot, therefore, be said that all the equities of appellees' bill were fully met and denied by appellants' answer. But, if the answer had denied all the equities of the plaintiffs' bill, the same would not have entitled the defendants to a dissolution of the injunction as a matter of right. It is said that in such a case a dissolution is largely a matter of judicial discretion, to be determined by the nature of the particular case under consideration. Friedlander v. Ehrenworth, 58 Tex. 350; Putnam v. Capps et al., 6 Tex. Civ. App. 610, 25 S. W. 1024; Hart v. Mills, 38 Tex. 518; High on Injunctions, vol. 2, § 1508.

[3] 2. That one who has not suffered, or who is not threatened with some damage peculiar to himself, cannot maintain an action to restrain an interference with a mere public right is well settled. It is held that, "when the injury inflicted (or threatened) is of a character which affects the public generally, and inflicts no special wrong on the individual, the suit must be brought by those who are intrusted with that duty by the Legislature." City of San Antonio v. Strumberg, 70 Tex. 366, 7 S. W. 754; McDonald v. Lyon, 43 Tex. Civ. App. 484, 95 S. W. 67; Acheson v. Denison & Sherman Railway Company, 140 S. W. 467, decided at present term of this court, but not published. We are of opinion, however, that appellees' pleadings show that they have such an interest in the subject-matter of this suit as authorizes them to bring and maintain the same. As has been seen, they allege that the discontinuance of the road in question had and would cause each and all of the plaintiffs to suffer special injury thereby, as distinguished from the injury suffered by the public in general, in this: That they were all property owners in the neighborhood of said road, and in the school district through which said road runs; that the abolition of the road would decrease the rental value of their land 50 cents per acre, and would affect its market value 50 cents per acre, or more; that it would preclude them from securing good tenants to cultivate their land, and would make the route to market, church,

school, post office, etc., much longer and more difficult, and would affect materially the market value of their land, at least to the extent alleged. These allegations are sufficient to show that a discontinuance of the road in question would probably result in special damage to appellees, or damage peculiar to themselves, and not merely such as would be sustained or suffered by the public in general. Evans v. Scott, 97 S. W. 116. To a party so damaged or threatened, the law affords a remedy by private action. City of San Antonio v. Strumberg, supra.

[4] 3. We are further of the opinion, in view of the allegations of plaintiffs' petition, that the district court of Hill county had jurisdiction to review the action of the commissioners' court. The petition alleges in substance that the commissioners' court of Hill county, in making the order closing or discontinuing the road in question, acted without complying with the requirements of the statute in the following particulars: (1) That no notice of the application to discontinue said road was given; (2) that a full investigation of the proposed change in said road was not made by the commissioners' court, but that said court willfully refused to make such investigation, and arbitrarily refused to hear evidence which would have disclosed that the discontinuance of said road would be to the detriment of the public; (3) that the application to discontinue the road was not signed by eight freeholders in the commissioners' precinct in which the road was situated; (4) that the commissioners' court failed and refused to open or establish a new road connecting that part of the road not discontinued. It is further alleged that the commissioners' court, in discontinuing the road without hearing evidence and making that full investigation enjoined upon them by statute as to whether or not it would be to the best interest of the public to make such change, grossly abused its discretion in the premises. Article 4671 of the Revised Statutes provides that "the commissioners' courts of the several counties shall have full power and it shall be their duty to order the laying out and opening of public roads when necessary, and to discontinue or alter any road whenever it shall be deemed expedient, as hereinafter prescribed." It is apparent that the concluding language of this article of the statute, "as hereinafter prescribed," limits the power therein conferred upon the commissioners' court to lay out, discontinue, or alter a public road to the mode and manner directed by the further provisions of the statute upon the subject. These provisions declare that "no public road shall be altered or changed, except for the purpose of shortening the distance from the point of beginning to the point of destination, unless the court, upon full investigation of the proposed change finds that the public interest will be better served by making the change"; that said change shall be by unanimous consent of all the commissioners elected; that the commissioners' court shall in no instance grant an order on an application for any new road, or to discontinue an original one, unless the persons making application therefor, or some one of them, shall have given at least 20 days notice, etc.; that all applications for a new road and all applications to discontinue an existing one shall be by petition signed by at least eight freeholders in the precinct or precincts in which such road is situated, and that no part of a public road shall be discontinued, unless a new road connecting that part of such road not discontinued shall first be opened. Articles 4672–4686 and 4687. It is not believed that these requirements of the statute can be arbitrarily ignored or willfully dispensed with by the commissioners' court in the opening of a new road, or in the discontinuing of an existing one. On the contrary, we think a compliance with them is a condition upon which the power conferred may be exercised, and that at least a substantial observance of them is contemplated and exacted by the law. Otherwise these provisions should be repealed as useless legislation upon the subject. Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71; Cummings v. Kendall, 7 Tex. Civ. App. 164, 26 S. W. 439. The proposition of appellants that "the qualification of the signers to the application for the discontinuance of the road and the locus of their residences were matters committed solely to the commissioners may be sound (Huggins v. Hurt, 23 Tex. Civ. App. 404, 56 S. W. 944), but no authority is cited, and we are aware of none that holds that the requisites of the statute to which we have referred may be entirely ignored by that court.

[5] 4. In answer to the proposition to the effect that the subject-matter of this suit involved the official judgment and discretion of the commissioners' court, which having been exercised, could not legally be disturbed by the district court, it may be said that it is very well established by decisions of this state that the district courts of Texas, through their equitable jurisdiction, have the power to revise the exercise of the discretion vested in the commissioners' court when it is clearly shown that it has transcended its power, or that discretion has been grossly abused. Bourgeois v. Mills, 60 Tex. 77; Smith v. Ernest, 46 Tex. Civ. App. 247, 102 S. W. 130; Simkins Equity, p. 483. In the present case, we regard the allegations of the appellees' petition sufficient to justify the action of the district court in continuing in effect the injunction granted herein until the case was heard upon its merits. As heretofore said, the sworn answer of the appellants, if it be admitted that it denied all the equities of the plaintiffs' petition, was not conclusive of the matters involved, and did not entitle appellants to a dissolution of the injunction as a matter of law; but the district court,

in the legitimate exercise of the discretion confided to it in such cases, had the power to continue the injunction in force until evidence could be heard in favor of and against the allegations of appellees' petition upon a final trial.

[6, 7] 5. The court did not err in refusing to sustain the general demurrer of the defendants, upon the ground that there was a misjoinder of parties plaintiff on the question of damages. Such a misjoinder is not apparent upon the face of the plaintiffs' petition, and in such case the question cannot be raised by general demurrer. The plaintiffs are not asking a personal judgment for damages already sustained, but are seeking to enjoin an act which threatens a like injury to each of them.

We conclude the judgment of the court below should be affirmed, and it is accordingly .so ordered.