OWENS v. VARNELL.†

(Court of Civil Appeals of Texas. Dallas. Feb. 10, 1912. Rehearing Denied March 16, 1912.)

1. HIGHWAYS (§ 155*) — OBSTRUCTION — INJUNCTION—SPECIAL INJURIES.

To entitle a private person to restrain the obstruction of a public road, he must show special injuries, peculiar to himself, from the obstruction, differing from the injury to the public generally, since otherwise suit must be brought by the proper public officers.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 432–436; Dec. Dig. § 155.*]

2. HIGHWAYS (§ 159*)—PUBLIC NUISANCE—ACTION TO RESTRAIN—SUFFICIENCY OF EVIDENCE.

Evidence in a suit to restrain an obstruction to a public road *held* not to show any special injury to plaintiff different from that suffered by the public generally.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 430, 431, 435; Dec. Dig. § 159.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by Mrs. F. L. Varnell against B. C. Owens. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. E. Spell and Luther Nickels, for appellant. Frazier & Shurtleff, for appellee.

TALBOT, J. This suit was instituted by the appellee against the appellant on January 5, 1911. Upon allegations warranting the relief sought, she asked for a mandatory writ of injunction commanding the appellant to open a certain lane and roadway described in her petition, to restrain appellant from again closing and obstructing said roadway, and for judgment for title and possession of the land encompassed by said road for the use and benefit of herself and the public generally as a road. She claims same for herself and the public by right of dedication and prescription. The cause was tried without the intervention of a jury, resulting in a

judgment in favor of appellee, substantially as prayed for, and the defendant appealed.

Appellant presents a number of assignments of error, a careful consideration of which has led us to the conclusion that all of them, except the fourth, should be overruled. This assignment reads as follows: "The court erred in rendering judgment for the plaintiff for the injunction prayed for, restraining the defendant from obstructing the road described in the plaintiff's petition, and requiring him to remove the obstructions placed therein by him, adjudging the costs of the suit against the defendant, for the reason that said judgment was against the law, in that the plaintiff did not show by the evidence that the injury that she may have suffered from the attempted closing of the road in question, and from the closing thereof, or that she would suffer by reason thereof, was any injury peculiar to herself or her property, as contradistinguished from the injury so to be suffered by the public in general, and the plaintiff, by reason of her failure to show such special injury, was not entitled to maintain this suit and to recover therein."

[1] The appellee's action being one to restrain the obstruction of an alleged public road, it was essential to her right to recover that she show some special injury resulting from the obstruction peculiar to herself, aside from and independent of a general injury to the public; and, having failed to show such special injury, it was error for the court to render judgment in her behalf. As has often been said, in effect, when the injury inflicted or threatened is of a character which affects the public generally, and inflicts no special wrong on the individual, the suit must be brought by those who are intrusted with that duty by the Legislature. City of San Antonio v. Strumberg, 70 Tex. 366, 7 S. W. 754; Evans v. Scott, 97 S. W. 117; Porter v. Johnson, 140 S. W. 469; Acheson v. Railway Co., 140 S. W. 467. The allegations of the appellee's petition were sufficient to raise the issue as to whether or not she had suffered, or was threatened with, the infliction of the special injury of which the decisions speak; but we do not think these allegations were sufficiently supported by the evidence to warrant the judgment of the district court.

[2] The strongest testimony found in the record sent to this court bearing upon the question is that of the appellee herself. After stating that the land and roadway in question had been established for more than 20 years, and had been used continuously up to the time it was fenced by appellant, she says: "This lane is a benefit to my renters. We used the lane to go to see our neighbors, and to come to the county seat, and to pay my taxes, and to see my children. My renters all used it, except some on the outside.

They used it to go for the doctor. They traveled this lane in going to Bynum. This lane adds to the value of my place." This testimony is insufficient to show any special injury to appellee, by the obstruction of the lane and roadway in question, peculiar to her, aside from and independent of the general injury to the public. The bare statement that the road was used by appellee and her tenants to go to see their neighbors and children, to go to the county seat to pay taxes, and that it added to the value of appellee's place, will not suffice to show such special injury. In the case of Evans v. Scott, supra, cited by appellee, the evidence showed that the value of land to be affected by the closing of the road would be depreciated thereby about $10 per acre, that, if closed, the plaintiff could not secure as good tenants as he then had, and that it would detract from the value of his farm about $1,400. Similar testimony was also given in the case of Porter v. Johnson, supra, recently decided by this court.

The judgment of the court below is reversed, and the cause remanded.