HOWARD et al. v. RUSHING. (No. 1554.)

(Court of Civil Appeals of Texas. Amarillo. June 18, 1919.)

1. APPEAL AND ERROR ⟾100(2)—REFUSAL TO DISSOLVE INJUNCTION—JURISDICTION.

Under Rev. St. 1911, art. 4644, the Court of Civil Appeals has no jurisdiction of an order refusing to dissolve an injunction.

2. APPEAL AND ERROR ⟾14(½)—INJUNCTION —JURISDICTION.

Where, on appeal from order refusing to dissolve temporary injunction, the transcript was filed in the Court of Civil Appeals within 15 days from the order granting such injunction, that court has jurisdiction to determine whether the original writ was authorized by the pleadings, although not to consider any of the proceedings after that time, or to review the action of the court in refusing to dissolve the injunction.

3. EMINENT DOMAIN ⟾274(1)—INJUNCTION AGAINST OPENING ROAD.

County judges and county commissioners were properly enjoined from opening a road, where the commissioners' court did not dispose, by an order of the court, of damages awarded by jury to petitioner in proceedings to open such road, in view of the requirements of Rev. St. 1911, arts. 6882, 6883, since, by failure to dispose of such damages by court order, petitioner was deprived of opportunity to appeal, if he desired.

4. EMINENT DOMAIN ⟾167(4)—PROCEEDINGS —COMPLIANCE WITH STATUTE.

Where private property is taken, it is important that all the forms of law should be complied with, for these forms have been devised and certain restrictions adopted for the protection of private rights against public oppression.

Appeal from District Court, Floyd County; R. C. Joiner, Judge.

Injunction by S. L. Rushing against J. W. Howard and others. From a refusal to dissolve the injunction, defendants appeal. Affirmed.

A. P. McKinnon, of Floydada, for appellants.

Kenneth Bain, of Floydada, for appellee.

HUFF, C. J. The appellee, Rushing, instituted injunction proceedings against the appellants, Howard and others, county judge and county commissioners of Floyd county. It is alleged in effect:

That in December, 1917, the commissioners' court was petitioned to open a road beginning at the southwest corner of section 72, block 1, A. B. & M., and running north, intersecting the Floydada and White Flat road, upon presentation of the petition that a jury of view was appointed to view out the road. That on the 30th of December, 1917, they proceeded to view the route and assess the damages, and recommended in their report to the commissioners that said road be established, "beginning at the southwest corner of section 72, in block 1, A. B. & M., thence north on section lines between sections 72–71, 55–56, 42–41, 17–18, 16–19, and one-third of a mile across section 112, intersecting the Floydada and White Flat road, taking a

strip 20 feet wide off of each section, same being established on the G. A. Leader survey." That in so locating the road the jury did so in part on the appellee's land, he being the owner of section 16, in block 1, and of the east quarter of section 19, and 112, block B 3 referred to in the report. That appellee filed with the jury of view his claim of $1,000 damages, designating the particular damages sustained. The jury assessed his damages at $47.50, and so made their report to the commissioners' court. That on the 18th of June, 1918, the commissioners' court entered the following order:

"The report of the jury of view is accepted and road ordered opened as petitioned, except allowing S. L. Rushing to take the entire 40 feet off of section No. 19, said 40 feet to be adjacent to and parallel to the east line of said section 19, A. B. & M., block 1."

That there was no order entered allowing appellee damages.

It is alleged in the petition that the commissioners' court did not legally establish the road in that: (1) The report was not approved; (2) that the road ordered opened is to be different from the road recommended by the jury; (3) that the order of location is void for uncertainty, there being no order approving the report; that it shows that Rushing was allowed thereby to determine the location of the road, which he had no authority in law to do, allowing him to place it at a place different to that selected by the jury; (4) that the court did not consider his claim for damage, and never allowed him any compensation, and took no action thereon or made any order in regard thereto; that the commissioners had notified the appellee to open the road, and that if he did not do so at the expiration of 10 days the commissioners would proceed to open the road between sections 16 and 19.

The appellee prayed for an injunction restraining the commissioners' court and the individuals thereof from opening the road. The petition was presented to Hon. R. C. Joiner, judge of the district court, May 15, 1919, who indorsed thereon his order, directing the issuance of a temporary writ of injunction as prayed for in the petition. The writ was issued on that day and served on appellants on the 16th of May.

On the 16th of May the appellants answered the petition by general and special exceptions, and, among other things, appellants alleged that a warrant had been issued for the amount allowed the appellee by the jury and tendered him, but that appellee refused to accept it; that in fact, by the order approving the report, the road was established on the line between the two sections of land, and that if it should be opened by the court it would be located on that line, but that the court gave appellee the option to have all the 40 feet across his land located on section 19; that the giving of such option did not materially affect the location of the road, and did not lengthen or shorten it, etc. Appellants also answered that on the 16th day of May, 1919, appellants had adopted and entered upon the minutes of the court an order allowing appellee the damages awarded to him by the jury of view, and authorized its attorney in this cause to tender to appellee the money. This order is attached to the petition, and it is requested in the answer, if the court should conclude that the injunction was improperly granted by reason of the failure of the commissioners' court to prepare and enter an order for the payment of the damages, then they pray that in view of the order last entered by the court, and so attached, the injunction be dissolved. On the 17th of May this motion to dissolve was presented, and the court overruled the same, from which appellant gave notice of appeal. The transcript and record in this case was filed in this court May 28, 1919.

[1-4] In so far as this is an appeal from an order refusing to dissolve the injunction, we have no jurisdiction. Article 4644; Walstein v. Nicholson, 47 Tex. Civ. App. 358, 105 S. W. 208; City of Texarkana v. Bois, 160 S. W. 417; Hartzog v. Seeger, 163 S. W. 1055; Hamilton v. American, etc., 200 S. W. 259. However, the transcript having been filed in this court within 15 days from the original order granting the temporary injunction, we have jurisdiction to determine whether the original writ was authorized by the pleadings, but will not be authorized to consider any of the proceedings after that time, or to review the action of the court in refusing to dissolve. Birchfield v. Bourland, 187 S. W. 422. We think the allegation that the commissioners' court did not dispose of the damages awarded by the jury to appellee by an order of the court would authorize an injunction. The order seems to approve the jury of view's report, and certainly does not disallow the damages awarded. The order, as we understand, must make provision for the payment of the damages, and it must be paid or a proper deposit be made. If the landowner was dissatisfied with the order allowing the damages, he could appeal therefrom, which was all he could appeal from.

As we conceive it, the commissioners' court must in some way dispose of the damages by its order, so that the owner may appeal, if he desires. If the damages were allowed, the law requires them to be paid, or secured, under the statute, before the land could be taken. This, according to the allegation in the petition, had not been done, and we think the court properly restrained the appellants from opening the road. Articles 6882 and 6883, R. C. S.; Travis County v. Trogden, 31 S. W. 358; McCown v.

Hill, 73 S. W. 851. It will not be necessary to here determine the effect of the order made by the commissioners' court directing payment of the damages after the temporary writ was granted, as that was a matter considered upon the motion to dissolve the injunction, of which we have at this time no jurisdiction. Where private property is taken, it is important that all the forms of law should be complied with, for these forms have been devised, and certain restrictions adopted, for the protection of private rights against public oppression. Haverbekken v. Hale, 204 S. W. 1162. The above language was used by the Supreme Court in discussing the statutes with reference to laying out and establishing public roads.

We have concluded it will not be necessary at this time, in disposing of this appeal, to determine whether the report of the jury established the line of road and the order of the commissioners' court accepting the report, with the exception named in that order, and in leaving it to the option of appellee to fix the road, are too indefinite and uncertain, and whether the order is valid. We perceive that the question is not without difficulty, but feel that it is not at this time necessary to dispose of the appeal, and prefer to have the cause more fully developed before making a ruling that might dispose of the case finally. We call attention to the following as possibly throwing some light on the question: Live Oak County v. West, 206 S. W. 965; Cummings v. Kendall County, 7 Tex. Civ. App. 164, 26 S. W. 439; Vogt v. Bexar County, 5 Tex. Civ. App. 272, 23 S. W. 1044.

We think the judgment should be affirmed.