## ALLISON et al. v. SUTTON COUNTY et al. (No. 7450.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1925. Rehearing Denied Jan. 6, 1926.)

1. Eminent domain ⬤⟿90—County taking materials for road construction must pay all damages to land.

Under Act May 26, 1923 (Acts 38th Leg., 2d Called Sess. c. 18), requiring county to condemn road materials in manner that railroads may condemn land for right of way, under Rev. St. 1911, arts. 6502–6530, in case of failure to agree on compensation, county must pay all damages to land by removal of material therefrom.

2. Eminent domain ⬤⟿71—Legislature presumed to have intended that "fair and just compensation" for road material taken should include damages to land.

In view of Thirty-Ninth Legislature's adoption of Revised Civil Statutes, 1925, eliminating all reference to railroad construction laws

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from Rev. St. 1925, art. 6729 (Act May 26, 1923 [Acts 38th Leg., 2d Called Sess.. c. 18, § 1]), authorizing condemnation of road materials by county, it must be presumed that Legislature intended, by term "fair and just compensation," to include all damages from taking material off land, so that act is not unconstitutional because of failure to provide for damages to land.

[Ed. Note.—For other definitions, see Words and Phrases, Fair Compensation.]

**3. Constitutional law ⬞⟞48—Doubts and reasonable presumptions indulged in favor of constitutionality.**

Every doubt and reasonable presumption must be indulged in favor of constitutionality of law.

**4. Eminent domain ⬞⟞71—Statute authorizing condemnation of road materials not invalidated by inadequacy of compensation provided.**

Inadequacy of compensation, provided by Act May 26, 1923 (Acts 38th Leg., 2d Called Sess. c. 18), for road materials condemned by county, would not invalidate whole act, in view of Const. art. 1, § 17, prohibiting taking of property for public use without adequate compensation.

**5. Eminent domain ⬞⟞71—Legislature not presumed to have intended to provide for no compensation for damages incident to appropriation of road materials.**

It will not be presumed that Legislature intended to provide, by Act May 26, 1923 (Acts 38th Leg., 2d Called Sess. c. 18), requiring fair and just compensation for road materials condemned by county, to provide for compensation inadequate to recompense owners of materials for all damages incident to their appropriation, contrary to Const. art. 1, § 17, prohibiting taking of property for public use without adequate compensation.

**6. Highways ⬞⟞64—Jury of view presumed to have exercised discretion in selecting route, though already determined by county, and their action cannot be enjoined.**

It will be presumed that jury of view exercised their own discretion in selecting route of public road, though already determined on by county, and their action, with or without discretion, cannot be enjoined.

**7. Highways ⬞⟞64—Discretion of commissioners' court in laying out road not interfered with, in absence of abuse.**

In absence of anything indicating abuse of discretion, intrusted to commissioners' courts by statutes, to determine expediency of proposed road, court of equity will not permit substitution of objectors' desires and judgment for those of such tribunal in laying out two roads from 2 to 5 miles apart across 64,000 acres of land belonging to objectors, who may proceed to have old road discontinued if it proves unnecessary.

**8. Highways ⬞⟞64—County not restrained from building road because commissioners may violate law by appropriating material without paying adequate damages.**

Court of equity will not restrain county from building necessary roads because commissioners may violate law by entering on land of objectors and appropriating material without adequately compensating owners for damages to land.

Appeal from District Court, Sutton County; C. R. Sutton, Judge.

Suit by George S. Allison against Sutton County and others, in which A. F. Clarkson and another intervened as plaintiffs. Judgment for defendants, and plaintiffs appeal. Affirmed.

Brian Montague, of Del Rio, James Cornell, of Sonora, and Will A. Morriss, of San Antonio, for appellants.

Wardlaw & Elliott, of Sonora, and J. T. Tuohy, of Fort Worth, for appellees.

FLY, C. J. This is a suit instituted by Geo. S. Allison against Sutton county, Alvis Johnson, county judge, Joe F. Logan, Roy Hudspeth, D. Q. Adams, W. H. Kelley, county commissioners, and W. T. Montgomery, a road contractor, to restrain them from attempting to exercise any authority over the lands of said Allison not included in the right of way for a road 60 feet wide, and to restrain the county and its officers to enter into a contract with Montgomery, and from exercising any authority over the contemplated new road. A. F. Clarkson and J. T. Evans intervened in the suit, and adopted the pleadings of Allison. The injunction was denied.

The evidence failed to show that appellees had acted in an illegal manner as concerned the land of appellants or that it was contemplated in any but a legal and valid manner.

The first and second propositions are to the effect that, if a county enters into a contract with another to enter upon the lands of a third party and take or injure said party's property, such county and contractor may be enjoined from such contemplated appropriation or injury. This may be conceded, if such taking or injury is not done in compliance with the law. The propositions, however, are abstractions, unless the third proposition assailing the constitutionality of the Act of May 26, 1923 (Acts [2d Called] Sess. c. 18) enacted by the Thirty-Eighth Legislature is sustained. If appellees are acting, and intending to act, under the provisions of that act, and if it is held to be unconstitutional, appellees have no right or authority to enter upon and appropriate the land of appellants or any portion thereof. However, it is not clear from the allegations of appellants that appellees are intending to appropriate material as empowered to do by the act in question. Notwithstanding the doubt as to the pleading, we will review the act in question and give our views on its constitutionality.

[1] The act of 1923 authorizes the appropriation by the commissioners' court of lumber, earth, stone, gravel, or other necessary

material to build, repair, or maintain any public road in their county on land most convenient therefor, and provides for agreements with the owners of such material as to the appropriation of the same, and that the county shall pay the owners "a fair and just compensation" for such material as may be agreed upon by the owner thereof or his agent and the commissioners' court. It is further provided:

"That should said owner or his agent and the said commissioners' court fail to agree upon the compensation to be paid therefor, then the county, upon the order of said court, shall proceed to condemn the same in the manner that a railroad company can condemn land for right of way, and the same proceedings shall be had as if the proceedings were by a railroad company."

That provision requires consideration of the statute as to the condemnation of a right of way by a railway company, and the condemnation by a county must be regulated and directed by the terms of that statute.

The law as to the condemnation of lands is found in Revised Statutes, arts. 6502 to 6530, inclusive, every part of which has been held constitutional. These articles, by the terms of the act of 1923, have become a part of that act, and we find in articles 6505, Rev. Civ. St. 1911, that no railroad company shall enter upon private land, except for a lineal survey for the purpose of taking and condemning the same or any material thereon, for any purpose whatever until the said company shall agree with and pay the owner thereof all damages that may be caused to the lands and property of said owner. Then in article 6506 it is provided, which provision applies in the case of counties, that, when no agreement is made with the owner, it shall be the duty of the company or county, as provided by the act of 1923, to state in writing the real estate and property sought to be condemned, the object for which it is sought to be condemned, the name of the owner thereof and his residence, if known, and file the same with the county judge of the county in which such property or a part thereof is situated. In other articles the details of condemnation are set forth that are not necessary to be referred to in this case. It will be noted that provision in the law relating to railroads is made for the assessment and payment of all damages, whether the condemnation is of the land or only material. It is when the owner and the party desiring condemnation "cannot agree upon the damages" that provision is made for condemnation, and that provision is made for paying "the value of such material taken and the amount of damage occasioned to any such land or appurtenances," and these provisions must be read into the law of 1923. This must be done because it is provided that the county desiring material "shall proceed to condemn the same in the manner that a railroad company can condemn

land for right of way, and the same proceedings shall be had as if the proceedings were by a railroad company." Section 1. A railroad company cannot condemn until it pays all damages, and the county is guided by the same law.

[2, 3] It is the contention of appellants that the law of 1923 is unconstitutional because it fails to provide for any damages to the land from which material may be taken. If the act be considered without reference to the act relating to railroads, as must be done hereafter, in view of the adoption of the Revised Civil Statutes by the Thirty-Ninth Legislature, in which all reference to the railroad condemnation laws is eliminated from the statute of 1925 (article 6729), then we think that it must be presumed that, under the term "fair and just payment for the material taken," it was intended by the Legislature to include all damages resulting from taking the material off the land. Without the allowance of such damages a "fair and just compensation" would not be paid for the material. The damage to the land would necessarily be a part of the compensation. In construing statutes, every doubt must be indulged in favor of the constitutionality of such act, and every reasonable presumption indulged that will sustain such constitutionality.

[4] The main object of the act of 1923 was to provide a means through condemnation for counties to acquire material for road building. As an incident to such acquisition it was provided that compensation should be paid for the material used. If the compensation provided is inadequate, it would not necessarily invalidate the act, for the Constitution provides that—

"No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person; and when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money. * * *" Const. art. 1, § 17.

[5] The Legislature provided for the condemnation of material for road building, and, if it was attempted to give an inadequate compensation, the Constitution would intervene with a command to make it adequate. The attempt to provide inadequate compensation, if such attempt was made, would not invalidate the whole of the act, but it would still be a valid statute authorizing condemnation of road materials for the use of counties engaged in road building. Cooley Const. Lim. pp. 246 et seq.; Sweet v. Rechel, 159 U. S. 380, 16 S. Ct. 43, 40 L. Ed. 188; Railway v. New York, 176 U. S. 335, 20 S. Ct. 460, 44 L. Ed. 492; Crozier v. Krupp, 224 U. S. 290, 32 S. Ct. 488, 56 L. Ed. 771. Everything has been provided for in the act, even to "fair and just compensation," and it will not be presumed that the Legislature intended to

provide for compensation inadequate to recompense the owners of material for all damages incident to their appropriation. The intention of the Legislature must be given effect, and it will not be presumed that the Legislature intended to give less compensation than that demanded by the Constitution. We think there is no doubt that the Legislature intended to give full and adequate compensation for all damages accruing by reason of the appropriation of road material belonging to another, but, if there be any doubt, it must be resolved in favor of the constitutionality of the act. Brown v. Galveston, 97 Tex. 1, 75 S. W. 488; Dupree v. State, 102 Tex. 455, 119 S. W. 301; Waterworks v. City of Ennis, 105 Tex. 63, 144 S. W. 930. The third and fourth propositions are overruled.

[6] The fifth and sixth propositions are without merit. There is nothing in the record to indicate that the jury of view did not exercise their discretion in laying out the road. Even had the jury selected a route already determined upon by the county, they could exercise their discretion, and the mere fact that they followed a route desired by the county would not condemn their choice of routes. It will be presumed that the jury of view exercised their own discretion in selecting the route, and their action, whether with or without discretion, was not the subject of injunction. The commissioners' court could have told the jury to place the road where it was desired that it should be placed, and it would have been legal. Cummings v. Kendall County, 7 Tex. Civ. App. 164, 26 S. W. 439.

[7] The commissioners' court exercised their discretion in laying out two public roads across probably 64,000 acres of land belonging to appellants. The roads are from 2 to 5 miles apart, and do not parallel each other. There is nothing to indicate an abuse of the discretion intrusted to commissioners' courts by the statutes, and appellants will not be given the assistance of a court of equity to permit them to substitute their desires and judgment for those of a legally constituted tribunal to whom has been confided the discretion of acting on such matters. McWilliams v. Commissioners' Court (Tex. Civ. App.) 153 S. W. 368; Culp v. Coryell County (Tex. Civ. App.) 214 S. W. 944; Board v. Johnson (Tex. Civ. App.) 231 S. W. 859; McCloskey v. Heinen (Tex. Civ. App.) 266 S. W. 193. The last case cited is directly in point, and this court, through Associate Justice Smith, held:

"It has also been held, and certainly with apparent reason, that the commissioners' court alone has the power to determine whether or not a proposed road is a necessity, and that, when such court acts upon the question after a jury of view, upon the prescribed notice to the landowner, has ascertained the best route, and assessed the damages, no other court has the power to revise or nullify such action."

If, after the new road is opened, it should transpire that the old road is unnecessary, appellants can proceed under the law to have the old road discontinued. The presumption now is that both roads are needed, and that the commissioners' court is doing its duty in opening a new road.

[8] The county has not entered upon any land belonging to appellants, has not appropriated any material so far, and a court of equity will not aid appellants in restraining appellees from proceeding to build necessary roads on the ground of some imaginary violation of law that will be perpetrated by the commissioners. The record fails to disclose any contemplated act upon the part of appellee, and the writ of injunction was properly denied.

The judgment is affirmed.