## H. FRIEDLANDER v. H. M. EHRENWORTH.

### (Case No. 812.)

1. INJUNCTION.— Where fraud is the gravamen of a petition for injunction, the dissolution of the injunction will not follow as a necessary result of an answer denying all the material allegations of the petition; nor will the injunction be dissolved when it is apparent that the plaintiff would, without the protection afforded by the writ, lose all the benefit which would otherwise accrue to him should he finally succeed in the action.

2. SAME.— In cases like those mentioned above, the supreme court will not disturb the action of the court below in refusing to dissolve the injunction, when no abuse of judicial discretion is shown.

3. INJUNCTION — SHERIFF'S RETURN.— The valuation of goods, as fixed by the officer in his return upon a writ of injunction, is not conclusive on the party claiming ownership.

4. DAMAGES.— Goods alleged to have been fraudulently purchased were, by order of the court, placed in the hands of a receiver and afterwards sold by him. After the writ of injunction which issued in the cause was dissolved, the proceeds of sale were deposited subject to the order of court, after deducting one hundred dollars for the receiver as expenses in managing the goods and making the sale. The jury, by their verdict for the defendant, having found the purchase was in good faith, *held*,

(1) The refusal of the court to charge that the jury were not confined, in assessing the value of the goods, to the valuation placed thereon by the sheriff in his return upon the writ of injunction, was error.

(2) The defendant was entitled to a verdict for the proceeds of sale deposited by the receiver, and also for the difference between that amount and the actual value of the goods, which would amount at least to the hundred dollars retained by the receiver to cover expenses.

(3) A verdict for defendant, which allowed one dollar as actual damages, was not supported by evidence, and a new trial should have been granted.

APPEAL from Colorado. Tried below before the Hon. Everett Lewis.

Ehrenworth brought this suit against Friedlander and others on the 1st day of February, 1876. He sued as one of the sureties on the bond of Dora Morris, administratrix of Carl Morris, deceased, who was also a defendant in this case. The object of the suit was to reach in the hands of Friedlander certain articles of merchandise formerly belonging to the estate of Morris, and which it was alleged had been fraudulently and collusively sold and delivered by the administratrix to appellant, her brother. It was charged that appellant had paid nothing for the same, was insolvent and about to remove the goods from the county; that Morris' estate was largely indebted and insolvent; that the administratrix had failed to pay to the creditors the *pro rata* ordered, and that they had sued appellee and the other sureties on her bond. He obtained an injunction restraining appellant from removing the goods from the county, also had a receiver appointed, who took charge of the goods, etc.

Appellant in his answer denied all the material allegations in the petition; denied that there was any collusion or fraud in the sale of the goods to him by the administratrix; averred that he had purchased the same in good faith and paid more than full value, reconvened for damages for wrongful suing out of the injunction, etc. He claimed exemplary damages for a malicious resort to the process of the court, and moved to dissolve the injunction, etc. This motion was heard in chambers and refused. The court then ordered the receiver to sell the goods and deposit the proceeds subject to the order of the court, which was done. Appellant then by amendment reconvened for actual damages for an alleged wrongful resort to the injunction, etc., and among other items claimed the value of the goods, stating the amount.

September 7, 1876, a trial was had which resulted in a verdict and judgment for appellant for one dollar and costs of suit, from which this appeal was taken.

The material errors assigned were:

1st. The court erred in overruling appellant's motion to dissolve the injunction.

2d. The court erred in refusing to give the charge asked by appellant.

3d. That verdict was against the evidence, and the court erred in overruling the motion for a new trial.

*Foard & Thompson* and *Geo. McCormick*, for appellant.

I. When the answer denies all the material allegations of the petition, under oath, the injunction should be dissolved. Herron *v.*

De Bard, 20 Tex., 602; Fulgham v. Chevallier, 10 Tex., 518; Lively v. Bristow, 12 Tex., 60; Couch v. Turnpike Co., 4 Johns. Ch., 26

II. The charge of the court was contrary to the law of the case, erroneous, and misled the jury, and the court refused to give the charges asked by the defendant. In the fifth paragraph of the charge of the court is this instruction: "The jury are instructed that they will not take into consideration the proceeds of the goods seized and sold, the same being subject to the order of the court after finding and verdict of the jury, as hereinbefore instructed." We contend that this charge misled the jury and caused this most astonishing verdict.

III. The court erred in refusing to give to the jury this instruction asked by the appellant: "The jury are further instructed that, in assessing the value of the goods seized by the sheriff and taken from appellant, they are not confined to the value placed thereon by the sheriff in his return upon the writ of injunction, but may judge of their value from all the evidence before them." Cravens v. Wilson, 35 Tex., 52; Wallace v. Finberg, 46 Tex., 35; Harris v. Finberg, 46 Tex., 79.

IV. The verdict of the jury was contrary to the law and the evidence, and the verdict of the jury was inconsistent with the charge as given by the court and the facts as developed upon the trial.

*L. J. Logue* and *French Simpson*, for appellee.

I. The ground of practice of dissolving an injunction upon a denial by the answer of the material facts is, that the court gives entire credit to the answer, upon the common rule in equity that it is to prevail, if responsive to the charges in the bill, until it is overcome by the testimony of two witnesses, or one and other strong corroborating circumstances. Burnley v. Cook, 13 Tex., 590; Clow v. Merritt, 15 Tex., 137.

II. Appellant's first proposition is: "In the fifth paragraph of the charge of the court is this instruction: 'The jury are instructed that they will not take into consideration the proceeds of the goods seized and sold, the same being subject to the order of the court after finding and verdict of the jury, as hereinbefore instructed.' We contend that this charge misled the jury and caused this most astonishing verdict." Appellee objects to the above proposition. First. Appellant having neglected to except to the charge at the proper time, or to ask an additional charge of the court on the point, cannot now complain. Converse & Co. v. McKee, 14 Tex., 30; Thatcher v. Mills, 14 Tex., 13.

III. This suit being in the nature of a bill in equity, and appellee in his petition having nowhere claimed the goods nor prayed that he have possession of them, appellee's prayer being that a receiver be appointed by the court to take charge of the goods and hold or sell them for the benefit of the creditors of Carl Morris' estate, and the goods and proceeds of the same being at the date of the trial in the hands of the receiver or the court,. awaiting the verdict of the jury and judgment of the court as to their disposition — the goods never having been in appellee's possession,— we contend that the charge given by the court, complained of above, was not error, but eminently right and proper. Moseby *v.* Burrows, 52 Tex., 403; Kountz *v.* Northern Bank, 16 Wall., 202; Booth *v.* Clark, 17 How., 331; Davis *v.* Gray, 16 Wall., 217.

IV. The goods or the value thereof being in the possession of the receiver *in custodia legis*, appellee had no control of the same, and is not responsible for their disposition, safe keeping or value. Shulte *v.* Hoffman, 18 Tex., 678; Booth *v.* Clark, 17 How., 321; Davis *v.* Gray, 16 Wall., 217, 218; Kountz *v.* Northern Bank, 16 Wall., 202.

V. The goods being *in custodia legis*, the only action appellant had against appellee in this case was for damages for any injury that he may have sustained by the wrongful suing out of the writ of injunction against him by appellee. This the jury found in their verdict, after hearing the abundant testimony before the court, to be one dollar. Appellant's plea was for damages, and the verdict of the jury was: "We, the jury, decide in favor of the defendant H. Friedlander, and assess the damages at one dollar. U. C. Coolgrove, foreman," etc. Hamilton *v.* Rice, 15 Tex., 384, and authorities cited.

*R. V. Cook*, also for appellee.

WATTS, J. COM. APP.— It does not follow as a matter of course, that where the answer denies all the material allegations of the petition, that a preliminary injunction will be dissolved. The true doctrine is so clearly and forcibly stated by Mr. High in his most excellent work on Injunctions, vol. 2, sec. 1508, that an extract therefrom is deemed appropriate. He says: "To the general rule that a preliminary injunction will be dissolved on the coming in of the answer fully denying the equities of the bill, there are numerous exceptions, based upon recognized principles of equity, which may not inappropriately be noticed in this connection; and in the first place it is to be constantly borne in mind that the dissolution, like the

granting of interlocutory injunctions, is largely a matter of judicial discretion, to be determined by the nature of the particular case under consideration. A dissolution, therefore, does not follow necessarily and of course upon the coming in of the answer denying the material allegations of the bill upon which the injunction issued, and the court may, in the exercise of a sound judicial discretion, refuse a dissolution and continue the injunction to the hearing, when the circumstances of the case seem to demand this course. Especially will this discretion be exercised where fraud is the gravamen of the bill, or when it is apparent to the court that a dissolution of the injunction would result in greater injury and hardship than its continuance to the hearing, or when it is apparent that by the dissolution complainant would lose all the benefits which would otherwise accrue to him should he finally succeed in the cause. And a court of last resort will be loth to disturb the action of the court below in thus denying a motion to dissolve, unless an abuse of its discretion is shown."

These observations are fully sustained by numerous adjudicated cases cited in notes to that section.

It will be observed that in this case fraud is the gravamen of the complaint. In fact appellee's supposed cause of action is made to hinge upon the alleged frauds of appellant and the administratrix of the estate of Carl Morris, deceased. Besides, if appellee had finally succeeded in the cause upon his allegations of fraud and the insolvency of appellant, then it is apparent from the record that, by a dissolution of the writ, appellee would have been in danger of losing all the benefits that would have otherwise accrued to him.

There is nothing in the record that manifests such an abuse of discretion upon the part of the court below, in refusing to dissolve the injunction, as would require this court to revise that ruling and reverse the judgment on that account.

Upon the trial the appellant asked the court to instruct the jury as follows: "The jury are further instructed that, in assessing the value of the goods, they are not confined to the value placed thereon by the sheriff in his return upon the writ of injunction, but may judge of their value from all the evidence before them."

This was refused by the court, the point saved by bill, and assigned as error.

The rule is well settled that the valuation of the goods, as fixed by the officer in his return upon the writ of injunction, is not conclusive as against appellant. Abbott's Trial Evidence, p. 200, and authorities cited.

Appellant, in his answer, contested the valuation as fixed by the sheriff in his return, and adduced evidence upon the trial tending to establish that the actual value of the goods seized was greater than was assessed by the officer in the return. In estimating the value of the goods, the jury should have considered all the evidence before them upon that issue, guided by appropriate instructions explanatory of the rules of law applicable thereto. The charge asked by appellant and refused by the court correctly stated the rule of law which was peculiarly applicable to the case as made by the evidence. The court had told the jury that in the event they found that appellant had purchased the goods in good faith and for value, then to find for him the value of the same, but upon what basis they were to estimate that value the court was silent. Under the circumstances of the case, the charge asked should have been given.

It appears from the evidence that the goods were sold for not more than their actual value by the receiver; upon that point there is no conflict in the evidence. From the proceeds arising from that sale, the receiver deducted something over $100, as expenses in managing the goods and making the sale; the balance he deposited subject to the order of the court. The jury by their verdict affirmed the good faith of appellant's purchase, and from that finding it follows that the seizure under the process was wrongful, and that the appellant would be entitled to the proceeds of the sale deposited by the receiver, and also to a verdict for the difference between the actual value of the goods and the amount so deposited by the receiver. As has been seen, that difference amounts to something over $100, as appears from the evidence in the record. However, the jury only allowed appellant one dollar as actual damages. This finding was against the evidence, and the court below ought to have granted appellant's motion for a new trial.

We conclude, and so report, that on account of the errors indicated the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved January 19, 1883.]