E. PUTNAM v. CAPPS & CANTY ET AL.

No. 688.

1. **Judgment, Assignment of.** — A judgment for damages is assignable pending an appeal therefrom, both under the Act of 1889 and under the prior law.

2. **Same—Verbal Transfer.**—The Act of 1889 (Laws Twenty-first Legislature, page 103), providing that the sale of a judgment of any court of record shall be evidenced by a written transfer, does not render void the verbal assignment of a judgment as between the parties, or as to a subsequent purchaser with. actual notice.

3. **Practice on Appeal—Motion for New Trial Below.**—Appellant. can not be heard to complain that the evidence was insufficient to warrant a finding that he was a purchaser with actual notice, where this specific objection was not alleged in his motion for new trial below.

4. **Practice—Temporary Injunction.**—Error of the court in refusing to dissolve a temporary injunction to restrain the clerk. pending the litigation, from paying over certain moneys to the defendant, and which moneys are at the trial adjudged to belong to plaintiff, can not have been to defendant's prejudice further than the costs of the injunction.

APPEAL from County Court of Tarrant. Tried below before Hon. W. D. HARRIS.

This suit was brought by Capps & Canty against J. W. Putnam, E. Putnam, and also John P. King, county clerk. Plaintiffs alleged, that King, as clerk, held certain moneys to which they claimed title through a verbal transfer to them by J. W. Putnam of a judgment recovered by him against a railway company for damages for personal injuries, on which judgment said moneys had been collected; and they prayed for an injunction restraining King from paying over the money to E. Putnam, who also claimed it by reason of a written transfer to him of said judgment by J. W. Putnam. The injunction was granted; a motion to dissolve it was overruled, and on the final trial the verdict and judgment were for plaintiffs.

*M. B. Harris* and *Charles F. Stiltz*, for appellant.—1. The sale of a judgment, or the sale of any cause of action or interest therein, after suit has been filed thereon, must be evidenced by a written transfer. Sayles' Civ. .Stats. (Addendum), art. 2464a; Morgan v. Smith, 70 Texas, 642.

2. The court erred in refusing to charge, that the cause of action in this case being one which would not have survived to J. W. Putnam's. legal representatives, was not assignable until the time of the final judgment entered in the Court of Appeals. Burke v. Hance, 76 Texas, 77.

No brief for appellees reached the Reporter.

HEAD, ASSOCIATE JUSTICE.—In this State, previous to the passage of the Act of 1889, it was held, that "if the claim was such as would survive to the executor, it would be the subject of sale and assignment; but if it was such claim as would not survive, then it would not be the subject of assignment." Stewart v. Railway, 62 Texas, 247, which cites Railway v. Freeman, 57 Texas, 156.

Tested by this rule, the judgment in favor of J. W. Putnam against the railroad was assignable pending the appeal therefrom. Brooke v. Clark, 57 Texas, 109.

The right to transfer this judgment then existed previous to and independent of the Act of 1889. This act provides: "The sale of a judgment, or any part thereof, of any court of record within this State, or the sale of any cause of action or interest therein, after suit has been filed thereon, shall be evidenced by a written transfer, which, when acknowledged in the manner and form required by law for the acknowledgment of deeds, may be filed with the papers of such suit, and when thus filed by the clerk, it shall be his duty to make a minute of said transfer on the margin of the minute book of the court where said judgment is recorded of said court; or if judgment be not rendered when

such transfer is filed, the clerk shall make a minute of such transfer on the court trial docket when the suit is entered, giving briefly the substance thereof, for which services he shall be entitled to a fee of 25 cents, to be paid by the party applying therefor; and this section shall apply to any and all judgments, suits, claims, and causes of actions, whether assignable in law and equity or not.

"2. That when said transfer is duly acknowledged, filed, and noted as aforesaid, the same shall be full notice and valid and binding upon all. persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not." Act March 26, July 6, 1889, 21st Leg., p. 103.

In 2 Freeman on Judgments, section 422, it is said: "If a statutory mode of assigning judgments is provided, this does not operate as an inhibition against all other modes of assignment. It is cumulative, and does not prevent a party from making an equitable assignment in any other lawful way; and such assignment, as to all persons having notice thereof, is as effective as the statutory assignment." This seems to us the proper construction of our statute. No express condemnation of other transfers is contained therein, its leading purpose apparently being · to make assignable causes of action which previous thereto could not be transferred, and to charge with notice of certain transfers when executed and filed in the manner provided. We therefore conclude that as between the parties and those not in a position to claim as purchasers without notice, a verbal transfer of a judgment is good in equity, even since the passage of this statute; and as the court below limited appellees to their alleged assignment after the rendition of the judgment, we need not consider their claim under the alleged transfer of the cause of action previous thereto. It is probable that as this cause of action before judgment could not be assigned independent of the statute, its terms should have been complied with in making a transfer before judgment, in order to constitute an effectual conveyance to one claiming thereunder.

Appellant can not claim as a purchaser without notice, because the court below required the jury to find that he had actual notice of the previous assignment to appellees; and he can not complain of the insufficiency of the evidence to support the verdict of the jury so finding, because his motion for new trial in the court below did not properly present this objection to the trial judge for his action. Clark & Loftus v. Pearce, 80 Texas, 146. This also applies to appellant's other assignments calling in question the sufficiency of the evidence upon other issues.

If it be conceded that appellees had an adequate legal remedy, and the court therefore erred in granting them an injunction, which we do not decide, we do not think this should require a reversal of the judgment, because they sought this legal relief (a judgment against the clerk and

appellant for the money) along with the equitable, and we do not see how appellant was injured by the action of the court in withholding from him, by injunction pending the litigation, money to which he was subsequently adjudged to have no right. The dissolution of a temporary injunction does not always result from the coming in of an answer denying the equities of the bill, but much is left to the discretion of the trial judge. Freidlander v. Ehrenworth, 58 Texas, 350. Appellant does not complain that the costs of the injunction were not taxed against appellees, which is the only injury that could have resulted to him therefrom, even if it be conceded the court erred in granting and not dissolving it.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered March 21, 1894.