TRINITY COUNTY LUMBER CO. v. HOLT
et al.

(Court of Civil Appeals of Texas. El Paso. Jan. 25, 1912. Rehearing Denied Feb. 28, 1912.)

1. ASSIGNMENTS (§ 30*) — REQUISITES — RIGHT OF ACTION FOR DEATH.

Under Rev. St. 1895, art. 4647, which provides for the sale of any cause of action or interest therein after suit filed, whether assignable in law and equity or not, and that, upon compliance with the required conditions as to filing, etc., the assignment shall be notice to all persons subsequently dealing with the cause of action, a partial assignment of a cause of action, based upon an injury resulting in death, was valid and enforceable, if the statutory requisites were observed.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 55–60; Dec. Dig. § 30.*]

2. ASSIGNMENTS (§ 92*)—RIGHT OF ASSIGNEE —COMPROMISE.

Under Rev. St. 1895, art. 4647, which provides that, when a transfer of a cause of action or a part thereof is duly acknowledged, filed, and noted on the docket, it is binding upon all persons subsequently dealing with the cause of action, the assignee of a part of a cause of action obtained his right immediately upon compliance with the statutory requirements, and a compromise or settlement of the original cause after notice of his rights will not release a defendant from liability for a pro tanto amount of the settlement.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 158; Dec. Dig. § 92.*]

3. ASSIGNMENTS (§ 129*)—ACTIONS.

While the assignee of a cause of action is a purchaser pendente lite, he is not a necessary party to the original suit, and may thereafter bring a separate suit to enforce his claim, but is not precluded from intervening in the original suit.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 129.*]

4. ASSIGNMENTS (§ 92*)—COMPLIANCE WITH STATUTE—ADMISSION OF NOTICE.

The purpose of Rev. St. 1895, art. 4647, which provides that, when an assignment of the whole or part of a cause of action shall be acknowledged, filed with the papers in the suit, and a minute entry made thereof, it shall be notice to and binding upon all persons subsequently dealing with the cause of action, is merely to furnish parties dealing with the cause notice of assignments, and where, upon the trial of an action on an assignment in a former cause, and in its brief, defendant admitted that it had actual notice of the assignment before a compromise with the plaintiff in the original suit, a substantial compliance with the statute is all that is necessary to be shown, so that a failure to allege or show a compliance therewith will not preclude the assignee from recovering the amount of his claim.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 158; Dec. Dig. § 92.*]

5. JUDGMENT (§ 585*) — BAR—ASSIGNEE OF CAUSE OF ACTION—EFFECT OF FINAL JUDGMENT.

While persons acquiring an interest in the subject-matter of a suit by assignment after the bringing of the suit are bound by the final judgment entered, under Rev. St. 1895, art. 4647, which protects the property of an assignee of a cause of action after suit by providing that, upon the filing of the assignment with the papers in the cause and a docket entry made, it shall be notice to and binding on all persons thereafter dealing with the subject-matter, a judgment upon a compromise with the plaintiff therein merely fixed the pro tanto liability of the defendant to the assignee, and did not release it from all liability in a later suit for the amount due under the assignment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1097, 1132; Dec. Dig. § 585.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by O. T. Holt and another against the Trinity County Lumber Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

W. A. Cook, for appellant. L. M. Williamson, C. M. McKinnon and O. T. Holt, for appellees.

McKENZIE, J. This suit was brought in the district court of Harris county by appellees, O. T. Holt and C. M. McKinnon, hereinafter called plaintiffs, against appellant, Trinity County Lumber Company, hereinafter called defendant, to collect a debt alleged to be due by reason of the defendant wrongfully compromising a certain cause of action in which the plaintiffs owned a half interest, which half interest had been duly assigned to them by Eugenia Lott, for herself and as next friend for her minor son, Harry Lott;

said assignment was made after suit had been brought, was in writing, duly acknowledged, filed with the papers in said cause, and the defendant had actual notice of the assignment and the filing of same with the papers in said cause.

On November 3, 1909, John Lott, the husband of Eugenia Lott and the father of Harry Lott, who is a minor, was killed while in the employ of the Trinity County Lumber Company, and while riding on one of the company's cars; the accident occurring while John Lott was in the performance of his duties. On November 9, 1909, plaintiffs, O. T. Holt and C. M. McKinnon, as attorneys for Eugenia Lott and the minor son, Harry Lott, filed suit in the Circuit Court of the United States for the Southern District of Texas against the Trinity County Lumber Company, in behalf of said Eugenia Lott, for herself and as next friend of her minor son, Harry Lott, to recover damages on account of the death of John Lott. On November 16, 1909, and after the suit was brought, the said Eugenia Lott, for herself and as next friend of her minor son. Harry Lott, assigned to plaintiff C. M. McKinnon the half of said cause of action, which transfer is as follows: "Whereas I, Eugenia Lott, for myself and as next friend for my minor son, Harry Lott, have employed C. M. McKinnon, of Groveton, Texas, to institute and prosecute a suit against the Trinity County Lumber Company for damages on account of the death of my husband, John Lott, who was killed on November 3, 1909, while riding on one of said company's cars; and whereas, the said C. M. McKinnon has instituted the above numbered and entitled cause: Now, therefore, I, the said Eugenia Lott, acting herein for myself and as next friend of Harry Lott, in consideration of service rendered and to be rendered by the said C. M. McKinnon in the institution and prosecution of said cause of action for damages against the said company, do hereby transfer and assign to the said C. M. McKinnon one-half (½) of the cause of action which we or either of us have against said Trinity County Lumber Company on account of the death of said John Lott. It being understood and agreed that the said C. M. McKinnon shall have and receive one-half (½) of all money which I may collect or receive for myself or for my minor son, Harry Lott, from the said Trinity County Lumber Company as damages for the death of John Lott, whether by compromise or otherwise. [Signed] Eugenia Lott." The assignment is acknowledged as required by law. And on November 19, 1909, the said McKinnon in turn assigned, in writing, duly acknowledged, the half of his interest in said cause of action to the plaintiff O. T. Holt. On December 6, 1909, the plaintiffs filed both of said assignments with the clerk of the Circuit Court, where said cause of action was pending, and the clerk of the court filed said assignments with the papers in said cause, and it is admitted by the defendant that it had actual notice of the assignment and of the filing thereof.

On March 8, 1910, defendant obtained from Eugenia Lott the following release: "Whereas, on the 17th day of December, A. D. 1909, there was executed a certain contract and agreement by and between Mrs. Eugenia Lott and the Trinity County Lumber Company, by the terms of which said contract Mrs. Lott agreed, bound and obligated herself and her minor son, Harry Lott, for and in consideration of the sum of fifteen hundred dollars, to be paid by the Trinity County Lumber Company, in full satisfaction of any and all claims, demands, liabilities and causes of action of every nature whatsoever, accruing to the said Mrs. Lott and her son, Harry Lott, as the result of the death of John Lott, deceased husband of Eugenia Lott, and father of Harry Lott, who was killed in a certain wreck on or about the 3rd day of November, A. D. 1909, while in the employ of said company; and, whereas, it was agreed that said sum should not be paid until such agreement for settlement should be approved by the judge of the Circuit Court of the United States for the Southern District of Texas, in which court a suit for damages, in behalf of Eugenia Lott and Harry Lott, is now pending against said company; and, whereas, it is the desire of Mrs. Eugenia Lott to receive such portion of said fifteen hundred dollars as properly belongs to her, and the Trinity County Lumber Company is willing to pay her now the sum of one thousand dollars, said amount to represent her portion of the above amount: Now, therefore, know all men by these presents, that I, Eugenia Lott, widow of John Lott, deceased, for and in consideration of the sum of one thousand dollars ($1,000.00) to me in hand this day paid by the Trinity County Lumber Company, receipt of which is hereby acknowledged, have quitclaimed, discharged and released, and do by these presents quitclaim, discharge and release, and shall forever hold free said company from all demands, claims, liabilities and causes of action of every nature whatsoever, accruing to me, and which may hereafter accrue, as the result of the death of my husband, John Lott, which occurred in a wreck on the tramroad of the Trinity County Lumber Company, while he was employed by said company on or about the 3rd day of November, A. D. 1909, near Groveton, Trinity county, Texas. Witness my hand, this the 8th day of March, A. D. 1910. [Signed] Eugenia Lott."

On trial of the Circuit Court case, this release was set up by the defendant as a bar against the further prosecution of said suit, and the court, after hearing the pleadings and the evidence, rendered judgment in said cause as follows: "Mrs. Eugenia Lott, for Herself and as Next Friend for Harry Lott,

v. Trinity County Lumber Company. C. L. No. 203. March 30, 1910. This day in open court the above entitled and numbered cause came on to be heard, and the plaintiff, Eugenia Lott, suing for herself and as next friend for her minor son, Harry Lott, appeared in person and by attorneys, Messrs. O. T. Holt and C. M. McKinnon, and the defendant, Trinity County Lumber Company, appearing by its attorney, and both parties announced ready for trial. A jury was duly impaneled to try said cause, and it appearing to the court that by written agreement between the plaintiff, Eugenia Lott, for herself and as next friend for her minor son, Harry Lott, and the defendant, Trinity County Lumber Company, had reached an agreement of compromise in this suit, by the terms of which the said defendant agreed to pay in full, final and complete satisfaction of the claim for damages of Mrs. Eugenia Lott, for herself and as next friend of her minor son, Harry Lott, the sum of $1,500.00, conditioned upon the approval of said contract of settlement by this court, and that in consummation of said agreement the said defendant has paid to Mrs. Eugenia Lott, for herself, the sum of one thousand dollars, and the said Mrs. Eugenia Lott having executed a release of all claim for damages by reason of the death of her husband, the court withdrew this case from the consideration of the jury, holding that the issue involved was wholly one of law, and after hearing evidence, and being fully advised in the premises, announced that he would not approve the settlement for the sum of $500.00 for the minor, as agreed upon, but would approve the settlement and compromise agreement by awarding the minor, Harry Lott, the sum of one thousand dollars, to which the defendant agreed. It is therefore considered, ordered, adjudged and decreed by the court that the plaintiff, Mrs. Eugenia Lott, having heretofore received the sum of one thousand dollars, and released the defendant of all claims for damage by reason of the death of her husband, take nothing herein, and that the defendant, Trinity County Lumber Company, as to the claim of the said Mrs. Eugenia Lott, go hence without day. It is further ordered, adjudged and decreed by the court that the said agreement of compromise is fair and just to the minor, and to his best interest, and the settlement is approved for the sum of one thousand dollars, and it is therefore adjudged and decreed that Mrs. Eugenia Lott, as next friend for Harry Lott, do have and recover of and from the defendant, Trinity County Lumber Company, the sum of one thousand dollars, and that sum be paid into the registry of this court to await the further orders of this court, and to be paid out by the clerk of this court upon such orders as may hereafter be made in accordance with the statute in such cases made and provided. It is further ordered and decreed that the defendant, Trinity County Lumber Company, pay all costs in this behalf incurred, and that execution may issue to enforce this decree, and that the officers of the court may have their execution against the parties for the costs by them respectively incurred. [Signed] W. T. Burns, Judge."

Plaintiffs in their petition further alleged that the defendant, on the 8th day of March, 1910, compromised and settled with Eugenia Lott for her interest in said cause of action, paying her the sum of $1,000, and on March 30, 1910, following said compromise, the court, at the instance and request of the defendant, entered the above judgment in favor of Harry Lott for the sum of $1,000, which judgment was paid by the defendant, and that defendant paid no part of said compromise or judgment to the plaintiffs; that the said compromise and settlement which the defendant made with the said Eugenia Lott and the said Harry Lott was in violation of plaintiffs' rights and without their consent, and that defendant had actual notice at the time of making said compromise and settlement of said assignment of the half interest in said cause of action, and the filing thereof with the papers in said cause, and that defendant is justly indebted to the plaintiffs in the sum of $2,000 by reason of the facts alleged in said petition; and that, though demand for the payment of said sum had been made upon the defendant, the defendant refused to make payment. On the trial of the case, defendant admitted that the allegations in plaintiffs' petition were true, and the case was tried with a jury, and verdict rendered in favor of the plaintiffs in the sum of $500, upon which verdict judgment was entered.

[1] The defendant's first assignment of error is as follows: "The court erred in rendering judgment in behalf of plaintiffs, and in not rendering judgment for defendant, because plaintiffs' alleged cause of action, as set forth in their pleadings, necessarily depends upon an attempted assignment of a cause of action, based upon an injury resulting in death, which, as a matter of law, was not assignable." On the trial of this cause, defendant admitted that the transfer of the half interest in said cause of action was made in writing, duly acknowledged, filed by the clerk of the court where said cause of action was pending, and that said transfer was filed with the papers of said suit, and that it had actual notice thereof before the making of said compromise and settlement. This we think sufficient for a valid assignment and conveyance to the plaintiffs of the half interest in said cause of action, and is a sufficient compliance with the statutes, the defendant having admitted having had actual notice at the time of the compromise and settlement, to be binding upon it. Article 4647, R. S. 1895; Bonner v. Green, 6 Tex. Civ. App. 96, 24 S. W. 835; Putnam v. Capps et al., 6 Tex. Civ. App. 610, 25 S. W. 1024;

T. & P. Ry. Co. v. Vaughan, 16 Tex. Civ. App. 403, 40 S. W. 1065; G., C. & S. F. Ry. Co. v. Miller, 21 Tex. Civ. App. 609, 53 S. W. 709; G., H. & S. A. Ry. Co. v. Ginther et al., 96 Tex. 295, 72 S. W. 166; Powell v. G., H. & S. A. Ry. Co., 78 S. W. 975; McLaury v. Watelsky, 39 Tex. Civ. App. 394, 87 S. W. 1045. The assignment of error is overruled.

[2, 3] Defendant's second assignment of error is as follows: "The court erred in rendering judgment in behalf of plaintiffs, and in not rendering judgment for defendant, because plaintiffs' alleged cause of action, as set forth in their pleadings, necessarily depends upon an attempted assignment of a cause of action, based upon an injury resulting in death, which assignment, if valid for any purpose, was and is, as a matter of law, absolutely invalid as a basis for the instant suit, or for any action, other than such as might have been taken by plaintiffs in the original cause, filed in behalf of their assignor, Eugenia Lott, in the Circuit Court of the United States for the Southern District of Texas." Under this assignment, defendant submits three propositions: First. "If valid for any purpose, said assignment is valid only by virtue of the terms of article 4647 of the Revised Statutes of 1895." Second. "For any purpose connected with the instant cause, a compliance with article 4647 does not render appellees' alleged assignment a valid one." Third. "It was neither alleged nor shown that there was a sufficient compliance with the terms of article 4647 to permit appellees to assert a right to any benefits thereunder." By the first and second propositions, the defendant contends that the assignment of the half interest in the cause of action does not authorize the bringing of this suit, and that plaintiffs' remedy, if any they had, should have been exercised in the original suit. In this contention, we do not agree with the defendant. In the instant case, it is admitted by the defendant that it paid Eugenia Lott and to Harry Lott under the compromise and judgment the full amount due thereunder, but has not paid to the plaintiffs any money whatever; that the payment was made after the defendant had actual notice of the assignment of the half interest in said cause of action; this payment made in the very face of the statute, which provides that when said transfer is duly acknowledged, filed, and noted on the docket that the same shall be full notice and valid and binding upon all persons subsequently dealing with reference to said cause of action, whether they have actual knowledge of said transfer or not. We hold that the statute protects the assignee of a cause of action when such assignee has complied with its requirements against the wrongful compromise or settlement of said cause of action. This right is given to the assignee by statute, and accrues to the benefit of the assignee immediately upon compliance with the requirements of the statute. If defend-

ant makes a wrongful compromise and settlement of the cause of action before judgment or after judgment, in either event, it is bound to pay to the plaintiffs whatever amount there might be due and owing the plaintiffs by virtue of said assignment, and plaintiffs can enforce the payment by an intervention in the original cause of action before judgment, or by separate suit after judgment. The assignee of said cause of action, being a purchaser pendente lite, is not a necessary party to the original suit.

[4] A sufficient answer to the third proposition is that the defendant admitted, both upon the trial of the case and in its brief, that it had actual notice of the assignment to the plaintiffs of the half interest in said cause of action. This, we think, is quite sufficient to make a substantial compliance with the statute to bind the defendant. The purpose of the statute was to furnish parties dealing with the cause of action notice. The assignment is therefore overruled.

[5] Appellant's third assignment of error, submitted as a proposition, is as follows: "The court erred in rendering judgment in behalf of plaintiffs, and in not rendering judgment for defendant, because, having filed suit in the Circuit Court of the United States for the Southern District of Texas, in behalf of Eugenia Lott, to recover of defendant damages because of the death of her husband, John Lott, and having, subsequent to the institution of said suit, procured an instrument in writing, duly acknowledged, purporting to be an assignment of a portion of said Eugenia Lott's cause of action, which assignment they filed with the papers of said cause, in compliance with the provisions of article 4647 of the Revised Statutes of Texas, and having appeared as attorneys for said Eugenia Lott in the final adjudication of said cause, plaintiffs were and are bound by the judgment in said cause rendered, introduced in evidence by defendant, and in the light of which judgment plaintiffs' cause of action is in all respects res adjudicata." We hold that the plaintiffs, having acquired their interest in the original cause of action after the suit was brought, took same subject to the final adjudication between the original litigants. The plaintiffs were not necessary parties to said suit, though, having purchased pending the litigation, they are bound by the judgment. Smith v. Oleson, 92 Tex. 181, 46 S. W. 631; B. C. Evans Co. v. Reeves, 6 Tex. Civ. App. 354, 26 S. W. 219; Drouilhet v. Pinckard, 42 S. W. 135. It does not follow, however, that plaintiffs' cause of action is barred by said judgment. The instant case is founded upon the obligation, which is fixed by law, that when the plaintiffs had acquired their assignment for the half interest in the original cause of action, and had complied with the provisions of article 4647, of the Revised Civil Statutes of 1895, the defendant then and there became bound and obligated to pay to the plaintiffs pro tanto

their interest in the result by a final judgment of said suit. The compromising of the original cause of action, or the fact that the compromise which was made by defendant with Eugenia Lott was merged into a final judgment, would not relieve the defendant of the obligation to pay to the plaintiffs the amount due by said compromise and judgment. The statute protects the assignee in his property right, and those dealing with the cause of action after such assignment do so at their peril. The statutory protection follows with the same force, and is applicable to those dealing with the cause of action, before judgment as after judgment. The plaintiffs are protected by the statute referred to in the same sense that the judgment rendered or the compromise made inures to their benefit in the same proportion as they own by said assignment in said cause of action. We hold, therefore, that said assignment of error should be overruled.

Appellant's brief presents no reversible error, and the judgment of the court below is affirmed.