The Amarillo National Bank, in a suit pending in the district court of Potter county against H. A. Campbell and others, sued out a writ of garnishment and caused the same to be served upon the Panhandle Telephone Telegraph Company and H. H. Davenport Co., on the 2d day of March, 1911. The suit against Campbell was for $8,848.90, interest and attorney's fees, which suit was afterwards prosecuted to judgment. On the 7th day of July, 1911, in the same suit, appellant sued out a second garnishment against J. E. Nunn and H. B. Sanborn, which was duly served on the said parties on said date last above mentioned. In each of the writs the garnishees were required to answer what, if anything, they were indebted to H. A. Campbell. The firm of H. H. Davenport Co. answered they were indebted to H. A. Campbell in the sum of $1,145.83, and answered the other statutory interrogatories in the negative. The Panhandle Telephone Telegraph Company answered that on the, 20th day of September, A.D. 1900, Campbell obtained judgment against H. H. Davenport Co., a firm composed of H. H. Davenport and W. W. Taylor, and at said time a mechanic's, materialman's and lumberman's lien was foreclosed against the property of the Panhandle Telephone 
Telegraph Company to secure the payment of said judgment, except the sum of $104.16, attorney's fees, included in said judgment; that the judgment has not been paid; that it was ready, willing, and able to pay to the parties entitled to the same; that it was informed that after service of said writ on, to wit, April 1, 1911, that one J. E. Nunn was claiming to be the owner of the judgment and entitled to the proceeds thereof and prayed that Nunn be made a party thereto, and that it be protected in the payment of said sum, etc. J. E. Nunn answered, denying indebtedness, and answering in the negative the other statutory interrogatories. H. B. Sanborn answered that on the 18th day of April, 1911, H. A. Campbell transferred to him the judgment for the cash consideration of $1,327.25. He set up the garnishment proceedings by the bank against the telephone company, and alleged that he paid into the bank the consideration given for the judgment to be held in escrow and as a special deposit until any and all questions with reference to his title and right to said judgment in favor of H. A. Campbell should be settled and adjusted. He further set up that on April 1, 1911, the firm of Madden, Trulove Kimbrough, representing themselves to be the attorneys of record for H. A. Campbell, purported to transfer the judgment to J. E. Nunn for a recited consideration of $1,320.94; that Nunn is setting up a pretended claim of title to the judgment. It is alleged by him that the attorneys were without legal authority to make such transfer, and were not authorized by Campbell to do so. He further alleges if Nunn is the owner of such judgment, then Sanborn was not indebted to Campbell, but if Nunn was not the owner, then he was indebted in the sum of $1,327.25. The appellant bank, in reply to the answers of the several garnishees, set up the service of the writs of garnishment and that the garnishees each had notice of the service thereof at the date of their alleged purchase of the judgment. The reply of appellant is lengthy, but, in effect, it denies a bona fide assignment of the judgment to Nunn, and also alleged the making of the deposit in the bank by Sanborn the consideration paid him for the judgment.
J. E. Nunn, by a first amended answer, and by a supplemental answer, set up fully and at length his defense to Sanborn's answer, and to his rights against the garnishment. Among other things, he alleged that he was the owner of the judgment in favor of H. A. Campbell in cause No. 1080 (Kellogg Switchboard Supply Co. v. H. H. Davenport et al.); that said judgment was based upon a note *Page 1092 
executed by H. H. Davenport Co. to H. A. Campbell, for the sum of $1,000, interest and attorney's fees; that the note, he was informed and believed, was indorsed before Campbell intervened in cause No. 1080, in which judgment was thereafter obtained in favor of Campbell, and that about the time of Campbell's intervention in the suit he transferred and assigned the note to one C. E. Oakes; that the note was placed in the hands of S. H. Madden, of the law firm of Madden, Trulove 
Kimbrough, for the purpose of bringing suit thereon; that Campbell informed the attorney that he had transferred the note to O. E. Oakes, and that suit was to be prosecuted to judgment in the name of Campbell, and when the judgment was collected the proceeds should be paid to C. E. Oakes, or to his order; that Oakes informed the attorneys to the same effect, and also to pay the judgment when collected, either to him or to his attorney, John W. Veale; that the attorneys prosecuted the suit to judgment, and obtained such on the note against H. H. Davenport 
Co. and the Panhandle Telephone Telegraph Company; that about April 1, 1911, the attorneys collected from J. I. Nunn the full amount of said judgment; and that said attorneys transferred the judgment to J. E. Nunn, and thereafter paid the same to John W. Veale, attorney for Oakes, which Oakes fully ratified. The answer of Nunn further sets out the fact that he and Sanborn were large shareholders in the telephone company and had liens on its property to secure certain bonds held by Nunn. We deem it unnecessary to set out in detail all the allegations with reference to Nunn's and Sanborn's connection with the Panhandle Telephone 
Telegraph Company. H. B. Sanborn died and his wife, as survivor of the community, made herself a party to the suit. The attorneys for all the parties in both of the garnishment proceedings agreed to consolidate them into one suit, and that the pleadings filed in each, case be considered as applicable to the whole consolidated cases. Upon this agreement the court ordered a consolidation. The court rendered judgment that the Amarillo National Bank take nothing against the several garnishees, and that Mrs. Sanborn take nothing against J. E. Nunn. The facts in this case are sufficient to support the court in finding that H. A. Campbell transferred the indebtedness to C. E. Oakes, evidenced by the judgment obtained by H. A. Campbell against H. H. Davenport Co. and the Panhandle Telephone Telegraph Company, in the suit of Kellogg Switchboard Supply Co. v. H. H. Davenport Co. et al., No. 1080, and that the transfer occurred before Campbell intervened in that suit, and that it was agreed between Campbell and Oakes that the proceeds collected thereon should be paid to Oakes; that it was agreed that the suit should be prosecuted in, the name of Campbell for the use and benefit of Oakes; and that Madden, Trulove Kimbrough would, in prosecuting the case, and in collecting the proceeds, act under the direction of Oakes. John W. Veale was authorized by Oakes to receive and receipt for the proceeds collected on the judgment for Oakes. The firm of Madden, Trulove Kimbrough recognized Oakes as the real beneficiary in the judgment and Campbell as a formal party thereto; and in assigning the judgment to Nunn, they were acting for both Campbell and Oakes in the collection of the judgment, and received the money from Nunn for the use and benefit of Oakes, and turned the amount over to John W. Veale, the authorized agent and attorney to receive it, and took his receipt therefor as such attorney. The assignment by Campbell to Oakes occurred long before any writ of garnishment was issued in this case and before the bank's garnishment lien attached and before Campbell's assignment to H. B. Sanborn.
We do not think appellant's first and second assignments are correct. While the Panhandle Telephone Telegraph Company admitted owing Campbell the sum of $1,145.83, it also in the same answer alleged that Nunn was setting up title to the judgment, and asked that he be made a party, and that the rights of the parties be adjudicated. Nunn set up his title in the proceedings against him, and by agreement of the parties the two cases were consolidated, with the further agreement that the pleadings filed in each case should be considered applicable to the whole consolidated case. The court, under the pleadings and agreement, properly refused to render judgment against the Panhandle Telephone 
Telegraph Company and in favor of the appellant, on the telephone company's answer. Nunn was brought into the case, and under the law had the right to intervene and set up his right to the funds, and if he established such right the Panhandle Telephone Telegraph Company could not be subjected to two judgments for the same debt. Iglehart v. Moore, 21 Tex. 501; Kelly Grain Co. v. English, 34 S.W. 651; Swearingen v. Wilson, 2 Tex. Civ. App. 157, 21 S.W. 74; 20 Cyc. 1130-1133.
We think the findings of fact supporting the judgment of the court dispose of the other assignments. If Campbell did not, in fact, own the judgment or indebtedness at the time of the service of the writ of garnishment, and such judgment was, in fact, the property of Oakes, the writ would fix no lien on the other debt in favor of the bank. We think the case of Smith v. Railway Co., 39 S.W. 969, 971, announces the rule which will govern the disposition of this case, and disposes of the several assignments made by appellant. The transfer of the indebtedness by Campbell to Oakes was made long before the writs of garnishment were served, and, although the phone company did not know that *Page 1093 
fact, it had the effect nevertheless of transferring its obligation to pay the debt to Oakes. Neely v. Grayson, 25 Tex. Civ. App. 513, 61 S.W. 559; Putnam v. Capps, 6 Tex. Civ. App. 610, 25 S.W. 1024; Hudson v. Morriss,55 Tex. 595; 2 Black on Judgments, § 943.
When Nunn purchased the debt from Oakes he got the title thereto, and the fact that he knew when he purchased the debt the bank had garnisheed the same as the property of Campbell did not change the ownership, and would not defeat Nunn's title acquired from Oakes which had vested in Oakes before the garnishment.
We regard it as being unnecessary to discuss the assignments of appellant in detail. The evidence is sharply conflicting as to whether the indebtedness was, in fact, transferred by Campbell to Oakes, and whether Oakes was the beneficiary in the judgment, and whether he was the real party to the suit and Campbell only the nominal party.
The trial court having resolved the conflict in favor of Nunn's contention, and finding nothing in the record which would authorize us in reversing the trial court's finding, as we view the case, it should be affirmed.
Affirmed.