**HUNTER et al. v. B. E. PORTER, Inc., et al.**

**No. 11593.**

Court of Civil Appeals of Texas. Dallas.

March 16, 1935.

Currie McCutcheon, of Dallas, for plaintiffs in error.

Wm. Madden Hill, of Dallas, for defendants in error.

LOONEY, Justice.

B. E. Porter, Inc., contracted with the City National Bank of Cameron, Tex., to deliver, on or about July 1, 1926, 2,000 school bags made of ducking, with the name of the

bank printed thereon, intended by the bank as gifts for school children. Porter, Inc., contracted with W. E. Hunter, doing business under the trade-name of W. E. Hunter Garment Manufacturing Company, to make the bags, and, when completed, to deliver same to a carrier for transportation to the bank. When the bags were completed, Hunter, for some reason, refused to deliver same to the carrier for shipment to the bank, thereupon Porter, Inc., instituted this suit against him for title and possession of the 2,000 bags, also 100 yards of cotton ducking, and on the day the suit was instituted (September 15, 1926) caused the issuance of a writ of sequestration, under which the property was seized, and on September 17, 1926, was replevied by the defendant. The record discloses that, on June 10, 1927, B. E. Porter, Inc., was dissolved, and on same day the cause of action involved herein was transferred to B. E. Porter individually, who, in an amended petition filed May 4, 1931, and again in a second amended petition filed September 12, 1931, alleged the dissolution of the corporation, the transfer of the cause of action to himself, asserted his ownership, thus becoming the active plaintiff.

Among other defenses, defendant set up in bar the statutes of limitation of two and four years. From an adverse judgment, based on findings by the jury, supplemented by findings made by the court, this appeal was taken.

■ Defendant's plea of limitation is based on the idea that B. E. Porter, transferee of the cause of action, should, within two years after the cause of action was assigned to him, have brought a separate suit on the cause of action, or, in some manner, should have made himself a party to the pending suit; and, failing to do either within the statutory period, his cause of action, if any existed, was barred.

We overrule this contention. On the dissolution of the corporation, it was the duty of the directors to settle its affairs, and for that purpose the suit could have proceeded under the corporate name for at least three years after dissolution. Articles 1388, 1389, R. S. After the cause of action was transferred, the corporation was simply a nominal plaintiff, the real party at interest being B. E. Porter, who, in our opinion, was authorized to prosecute the suit to judgment. Authorities more or less in point are Heard v. Lockett, 20 Tex. 162; Camden Fire Ins. Ass'n v. Eckel (Tex. Com. App.) 14 S.W. (2d) 1020.

■ The purpose of article 6636, R. S. in providing that an assignment of a judgment or cause of action, in whole or in part, shall be acknowledged, filed with the papers of the cause, and a minute entry thereof made by the clerk, was not to create a rule of evidence, but simply one of registration, so that any one subsequently acquiring title to a judgment, cause of action, or an interest therein would be visited with notice of such transfer (Standifer v. Bond Hardware Co. (Tex. Civ. App.) 94 S. W. 144; Trinity, etc., Co. v. Holt (Tex. Civ. App.) 144 S. W. 1029); and it was not intended thereby to prevent the acquisition of title to a judgment, cause of action, or an interest therein, either legal or equitable, in any other lawful manner (Putnam v. Capps, 6 Tex. Civ. App. 610, 25 S. W. 1024; Smith v. Texas & P. R. Co. (Tex. Civ. App.) 39 S. W. 969).

■■ Issue No. 1, submitted by the court, reads: "Do you find from a preponderance of the evidence that plaintiff and defendant agreed with each other that the defendant would make the bags, deliver them to the printer, prepare them for shipment, and deliver them to the carrier, for 2¢ a bag?" to which the jury answered "yes."

Defendant objected to this issue as multifarious, contending that each fact or element constituting the issue should have been submitted separately. The charge grouped the facts and presented the issue according to the contention of plaintiff, which we think was correct. It is proper to group the facts constituting a ground of recovery or defense relied upon, but improper to emphasize each separate fact constituting the group by submitting a separate issue thereon; besides, such a submission would be objectionable as requiring evidentiary findings. See Hines v. Hodges (Tex. Civ. App.) 238 S. W. 349, 352; City of Abilene v. Moore (Tex. Civ. App.) 12 S.W.(2d) 604, 605; International-Great Northern R. Co. v. King (Tex. Civ. App.) 27 S.W. (2d) 357; Abel v. Maxwell Hardware Co. (Tex. Civ. App.) 28 S.W.(2d) 312.

■ Defendant objected to special issue No. 3, reading: "What do you find from a preponderance of the evidence was the reasonable value, if any, of the 100 yards of cotton ducking in question, at Dallas, Texas on September 17, 1926?" to which the jury answered "$13."

The ground of the objection is that the charge assumed that plaintiff had 100 yards of ducking in the possession of defendant; therefore was on the weight of the evidence.

Plaintiffs' suit was for the recovery of the school bags and 100 yards of ducking seized under the writ of sequestration, and later replevied by the defendant. In this situation we think the court submitted the only pertinent issue, i. e., as to the value of the property seized and replevied.

 In answer to special issue No. 2, the jury found that the 2,000 bags sued for were without value. The court disregarded this finding, and, from facts which we believe are undisputed, found that the bags had a value of at least $190; and, after adding $13, the value of the 100 yards of ducking, as found by the jury, and allowing defendant credit for $40, being 2 cents per bag, found by the jury to be the contract price for making, rendered judgment in favor of plaintiff for $163.

After replevying, defendant sold and delivered the bags to the Citizens' National Bank of Cameron for the sum of $195. In this situation, having sold the bags for $195, we do not think he is in position to challenge the correctness of the action of the court in disregarding the finding of the jury and in finding from this evidence that the bags had a value of at least $190. Defendant and sureties were under obligation, not to remove the property out of Dallas county, or sell or dispose of same, but to have same forthcoming to abide the decision of court, or to pay the value thereof, if condemned so to do (article 6850, R. S.). The property was not forthcoming to abide the decision, because it had been disposed of by the defendant, hence there was nothing left for the court to do but render judgment on the bond for its value, which we think was correctly ascertained. Crenshaw v. Staples (Tex. Civ. App.) 173 S. W. 1184.

 Defendant requested, and the court refused, the following issue: "Do you find from a preponderance of the evidence that the 2000 bags involved in this law suit were delivered to the Citizens National Bank of Cameron by the defendant, as per instructions of B. E. Porter?"

Defendant assigned error on this action of the court, contending that the issue was raised both by pleading and evidence. Defendant alleged simply that he was impliedly authorized by plaintiff to ship the bags to the bank and dispose of same to the best advantage. He seems to reason, from the situation presented, that he had implied authority to do as he did, but there was neither allegation nor proof that plaintiff expressly authorized the shipment or disposition of the bags by defendant after the institution of the suit, or after the same was replevied; nor was express authority given prior thereto, except as provided in the contract, authorizing and requiring defendant, after making the bags, to deliver same to the carrier to be transported to the bank.

We do not think the court erred in refusing the requested issue. Finding no reversible error, judgment of the lower court is affirmed.

Affirmed.